OPINIONS OF THE SUPREME COURT OF OHIO
    The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
    Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio. Attention: Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
    NOTE: Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public. The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

City of Maumee, Appellant, v. Anistik, Appellee.
[Cite as Maumee v. Anistik (1994),    Ohio St.3d    .]
                         ---
Where a person has been arrested for driving while under
    the influence of alcohol and is requested by a police
    officer to submit to a chemical test of his or her
    breath, but he or she refuses to take the test, and
    the reason given for the refusal is conditional,
    unequivocal, or a combination thereof, we approve the
    following jury instruction as set forth in 4 Ohio
    Jury Instructions (1993) 405, Section 545.25(10):
    "Evidence has been introduced indicating the
    defendant was asked but refused to submit to a
    chemical test of his [or her] breath to determine the
    amount of alcohol in his [or her] system, for the
    purpose of suggesting that the defendant believed he
    [or she] was under the influence of alcohol. If you
    find the defendant refused to submit to said test,
    you may, but are not required to, consider this
    evidence along with all the other facts and
    circumstances in evidence in deciding whether the
    defendant was under the influence of alcohol."
                         ---
Jury instructions -- Jury instructions set forth in 4 Ohio
    Jury Instructions (1993) 405, Section 545.25(10) approved
    where person arrested for driving under the influence of
    alcohol is requested to submit to a chemical test of
    breath, but refuses to take the test, and the reason given
    for the refusal is conditioned, unequivocal, or a
    combination thereof.
    (No. 93-981 -- Submitted March 23, 1994 -- Decided May 25,
1994.)
    Certified by the Court of Appeals for Lucas County, No.
L-92-107.
    On August 7, 1991, appellee, Pamela S. Anistik, was
operating an automobile when she struck the rear of a parked
truck. A city of Maumee police officer who was patrolling the
area at the time stopped to investigate the accident. Appellee

submitted to a variety of field sobriety tests.  Subsequently, appellee was arrested for operating a motor vehicle while under the influence of alcohol and taken to the Maumee police station.

At the station, appellee was read her Miranda rights and asked to submit to a chemical test of her breath.  The arresting officer then read appellee the standard implied consent form.  The officer advised appellee of the consequences of a refusal to submit to a chemical test.  When asked by the officer whether there was a medical reason which would prevent her from providing a sample of her breath, appellee responded that she could not give a sample because of a kidney condition.  Appellee testified that she was on medication for a kidney problem and concerned that the medication might affect the test results.  Apparently, after being assured that the results would not be affected, appellee agreed to take the test.  However, after being denied access to the use of a restroom, and after contacting her attorney, appellee refused to take the breath test.

On January 22, 1992, appellee's case was tried before a jury.  The jury found appellee guilty of operating a motor vehicle while under the influence of alcohol in violation of Maumee Traffic Code 333.01(A)(1).

On appeal, the court of appeals concluded that the trial judge improperly instructed the jury with respect to appellee's refusal to take the breath test.  As a result, the court of appeals remanded the cause for a new trial.  Finding its judgment to be in conflict with the judgments of the courts of appeals in State v. Ford (June 26, 1989), Ross App. No. 1328, unreported; State v. Snyder (Jan. 9, 1989), Butler App. No. CA88-04-054, unreported; and Columbus v. Fugate (Jan. 28, 1988), Franklin App. Nos. 87AP-771 and 87AP-772, unreported, the court of appeals certified the record of the case to this court for review and final determination.

John B. Arnsby, Municipal Prosecutor, for appellant.
The Eidy Co., L.P.A., and Sam A. Eidy, for appellee.

Douglas, J.     The sole issue before this court is whether the jury instruction given by the trial judge regarding appellee's refusal to take a chemical test of her breath was improper and prejudicial to appellee.  The text of the instruction objected to by appellee's counsel at trial is as follows:

"There's been evidence in this case indicating that the defendant Pamela Anistik was asked to submit to a chemical analysis of her breath to determine the concentration of alcohol in her system.  While an individual has a right under the laws of the State, as I explained to you before, to refuse to submit to a chemical analysis of his or her breath, such refusal may but it is not required to be considered by you as evidence that the defendant's refusal to submit to a chemical analysis was because the defendant believed she was under the influence of alcohol.  You may consider this evidence along with all the other facts and circumstances in evidence if you wish."

It is well settled that the General Assembly has authority to establish conditions upon which licenses to operate motor

vehicles are issued in this state. Further, the General Assembly can establish procedures and regulations suspending or revoking this statutorily granted privilege when the interest of public safety or welfare is at stake. See, generally, State v. Starnes (1970), 21 Ohio St.2d 38, 50 O.O.2d 84, 254 N.E.2d 675.

The General Assembly, hoping to reduce the number of needless tragedies caused by those who choose to drive a vehicle while intoxicated, has enacted an "implied consent" statute. R.C. 4511.191. This statute states that any person who operates a vehicle upon a highway or any property, public or private, used by the public for vehicular travel or parking in this state "* * * shall be deemed to have given consent to a chemical test or tests of his blood, breath, or urine for the purpose of determining the alcohol, drug, or alcohol and drug content of his blood, breath, or urine if arrested for operating a vehicle while under the influence of alcohol * * *." R.C. 4511.191(A). In Schmerber v. California (1966), 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908, the United States Supreme Court established that a state may lawfully compel a person suspected of driving while intoxicated to submit to a chemical test, and that such a requirement did not violate the defendant's Fifth Amendment right against self-incrimination. R.C. 4511.191, however, does not command that a person suspected of driving while intoxicated be forced to submit to a chemical test. Rather, under Ohio law, a person may refuse to take a chemical test of his or her blood, breath, or urine. However, if certain statutorily prescribed procedures are complied with, such a refusal does not go unpunished. See, e.g., R.C. 4511.191(C), (D) and (E).

With respect to the admissibility of evidence at trial of a defendant's refusal to take a chemical test, the United States Supreme Court has held that such evidence does not violate the defendant's Fifth Amendment right against self-incrimination nor the Fourteenth Amendment right to due process. South Dakota v. Neville (1983), 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748. Similarly, this court has concluded that under certain circumstances, evidence of a refusal to submit to a chemical test can be used against a defendant at trial. See Columbus v. Mullins (1954), 162 Ohio St. 419, 55 O.O. 240, 123 N.E.2d 422; and Westerville v. Cunningham (1968), 15 Ohio St.2d 121, 44 O.O.2d 119, 239 N.E.2d 40.

Appellee cites Mullins and Cunningham, supra, for the proposition that the trial judge should not have instructed the jury to consider her refusal to take the breath test or, "at the very least," should have included in the instruction that her refusal may have been based on other reasons, e.g., that defendant refused in "good faith" to take the test. Appellant, the city of Maumee, also cites Cunningham for support. Appellant claims that the charge at issue given to the jury by the trial judge was not improper or prejudicial to appellee.

In Mullins, supra, the defendant was arrested for driving under the influence of alcohol and asked to submit to urine and blood tests. Defendant refused to comply unless his own physician was present or would administer the tests. The case proceeded to trial and, over objection of defendant's counsel, a police chemist testified as to scientific aspects of the

tests, that such tests are infallible and would be determinative of defendant's guilt or innocence. This court held that it was prejudicial error to admit the police chemist's testimony because defendant's refusal was not absolute but, rather, conditional in that it was predicated upon his own physician being present, that such a request was reasonable, and that there was no showing that the physician was not available. Therefore, defendant's refusal "* * * did not otherwise amount to such a refusal as would give counsel for the prosecution the right to assert that the refusal amounted to an admission of guilt, nor would it give the jury or the court a right to so consider it." Id., 162 Ohio St. at 424, 55 O.O. at 243, 123 N.E.2d at 425.

In Cunningham, supra, the defendant was found guilty by a jury of operating a motor vehicle while intoxicated. At trial, defendant gave no reason for refusing to take a chemical test. In reversing the court of appeals, and upholding defendant's conviction, this court concluded that the defendant's unequivocal refusal to take a chemical test for intoxication would have probative value on the question of whether he was intoxicated at the time, and that the admission of defendant's refusal and comment by counsel on the refusal would not violate defendant's Fifth Amendment privilege against self-incrimination. In reaching this conclusion, this court reasoned:

"Where a defendant is being accused of intoxication and is not intoxicated, the taking of a reasonably reliable chemical test for intoxication should establish that he is not intoxicated. On the other hand, if he is intoxicated, the taking of such a test will probably establish that he is intoxicated. Thus, if he is not intoxicated, such a test will provide evidence for him; but, if he is intoxicated, the test will provide evidence against him. Thus, it is reasonable to infer that a refusal to take such a test indicates the defendant's fear of the results of the test and his consciousness of guilt, especially where he is asked his reason for such refusal and he gives no reason which would indicate that his refusal had no relation to such consciousness of guilt." (Emphasis added.) Id., 15 Ohio St.2d at 122, 44 O.O.2d at 119-120, 239 N.E.2d at 41.

In the case at bar, appellee initially refused to take the breath test because she feared that the medication she was taking for a kidney problem might alter the test results. However, after being assured by the arresting officer that her kidney medication would not affect the results, appellee agreed to take the test. Thereafter, appellee stated that she needed to use a restroom. Appellee was informed that before she could have access to a restroom, she must submit to the breath test. The arresting officer testified that he did not permit appellee access to a restroom because, according to police procedures, he needed to observe appellee for twenty minutes prior to administering the chemical test to ensure that appellee did not ingest anything. After she was denied access to a restroom, appellee physically and verbally expressed her displeasure (appellee was then charged with disorderly conduct), and became uncooperative. Further, appellee contacted her attorney and, thereafter, unequivocally refused to take the breath test.

A review of the transcript of the trial court proceedings indicates that the situation in the case sub judice does not fit perfectly into either a Mullins- or Cunningham-type scenario. Nevertheless, Mullins and Cunningham are instructive and, accordingly, we find that the jury instruction at issue here was improper and prejudicial to appellee.

In a situation such as here, as well as a Mullins- or Cunningham-type occurrence, an instruction by a trial judge to a jury, with regard to a defendant's refusal to submit to a chemical test, must not be one-sided. It is, of course, permissible for a trial judge to instruct a jury that the defendant's refusal to submit to a chemical test is evidence of his or her intoxication at the time of the taking of the test. However, the trial judge should not invade the province of the jury. That is precisely what occurred in the instant case when the trial judge charged the jury that they could consider the fact that appellee refused to take the test "because the defendant believed she was under the influence of alcohol."

The reason appellee refused to take the breath test is a disputed issue of fact to be resolved by the jury. As is apparent here, circumstances may exist where the refusal to submit to a chemical test by a person suspected of driving while under the influence of alcohol is not based on consciousness of guilt. See, also, Columbus v. Maxey (1988), 39 Ohio App.3d 171, 530 N.E.2d 958.

Therefore, where a person has been arrested for driving while under the influence of alcohol and is requested by a police officer to submit to a chemical test of his or her breath but he or she refuses to take the test, and the reason given for the refusal is conditional, unequivocal, or a combination thereof, we approve the following jury instruction as set forth in 4 Ohio Jury Instructions (1993) 405, Section 545.25(10): "Evidence has been introduced indicating the defendant was asked but refused to submit to a chemical test of his [or her] breath to determine the amount of alcohol in his [or her] system, for the purpose of suggesting that the defendant believed he [or she] was under the influence of alcohol. If you find the defendant refused to submit to said test, you may, but are not required to, consider this evidence along with all the other facts and circumstances in evidence in deciding whether the defendant was under the influence of alcohol."

In our opinion, the above instruction provides the proper neutrality. The instruction allows the jury to weigh all the facts and circumstances surrounding appellee's decision not to submit to the test and the significance, if any, to attach to her refusal.

For the foregoing reasons, we affirm the judgment of the court of appeals and remand the cause for a new trial.

Judgment affirmed
and cause remanded.

Moyer, C.J., A.W. Sweeney, Wright, Dickinson, F.E. Sweeney and Pfeifer, JJ., concur.

Clair E. Dickinson, J., of the Ninth Appellate District, sitting for Resnick, J.