OPINION
Appellant, Rickey J. Carr, appeals from his conviction and sentence in the Lake County Court of Common Pleas on one count of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1), which was a fourth degree felony due to three prior convictions. The following facts, adduced through testimony in the trial court in this case, are relevant to a determination of this appeal.
On April 15, 1997, appellant arrived home from work at approximately 4:30 p.m. Appellant was living with his parents at that time at their residence at 1362 East 359th Street in Eastlake, Ohio. The rear of their property abutted the property of U.S.A. Energy Consultants ("U.S.A. Energy"). Appellant ate dinner with his parents at approximately 5:00 p.m. Afterwards, he went to the backyard to work on his van which he claims had been experiencing electrical difficulties. It is undisputed that appellant was drinking beer, smoking cigarettes, and listening to the radio while working on his van. He asserts that the van's battery was hooked up to a battery charger, and a portable radio was playing in the van and plugged into an outlet in the garage.
According to appellant's father, appellant worked on the van continuously from 5:30 p.m. until 8:00 p.m. Two employees of U.S.A. Energy, however, claimed that while they saw appellant with the van until 4:30 p.m., and after 5:00 p.m., they noticed that both appellant and the van were missing for a period of time within that half-hour time frame. However, neither employee actually saw appellant drive the van or leave in the van. They claimed that, for the most part, appellant was just sitting in the driver's seat, drinking beer, and listening to the radio.
At approximately 8:00 p.m., someone from U.S.A. Energy telephoned the Eastlake Police Department to complain that appellant was urinating near the van. In response to the complaint, Patrolmen Thomas Angelo and William Lewis arrived at the scene where they found appellant sitting in the driver's seat of the van, drinking a beer, and listening to the radio. There were open containers of beer in the van, and the key was in the ignition, although the engine was not running. They heard a radio playing, but did not know whether it was the van's radio or a portable radio they admittedly saw in the van. There were numerous hand tools in the van.
Patrolman Angelo immediately recognized appellant as being Rickey J. Carr, and he knew that there was a warrant out for appellant's arrest. He asked appellant to step out of the van, and appellant fully cooperated. Appellant's eyes appeared bloodshot, his speech was slurred, he was having difficulty keeping his balance, and he smelled of alcohol. Appellant was immediately arrested on the outstanding warrant, handcuffed, and taken to the Eastlake Police Department. There, appellant was given a number of field sobriety tests which, Patrolman Lewis claimed, he failed. Appellant refused to take a Breathalyzer test and was charged with, inter alia, driving under the influence of alcohol in violation of R.C. 4511.19(A)(1).
On August 6, 1997, appellant was indicted by the Lake County Grand Jury on one count of driving under the influence of alcohol. On September 8, 1997, appellant filed a motion to suppress claiming that the police did not have probable cause to arrest him for DUI. The trial court overruled appellant's motion on November 3, 1997.
On March 10, 1998, just prior to commencement of trial, appellant filed a motion in limine requesting the trial court to preclude the state from introducing evidence of his refusal to submit to the Breathalyzer. The trial court overruled this motion. In a document filed on March 11, 1998, appellant stipulated to having been convicted of three prior violations of R.C. 4511.19(A) and (B). Appellant further filed a motion requesting that the prosecutor be prohibited from mentioning the prior convictions to the jury at trial. The trial court also overruled that motion. The matter then proceeded to a jury trial and on March 12, 1998, appellant was found guilty. The trial court referred the matter for a presentence report and appellant was ordered to undergo a drug and alcohol assessment.
On May 7, 1998, appellant was sentenced to three years of community control with conditions. He was ordered to serve sixty days in the Lake County Jail, fined $1,300, and had his driver's license suspended for three years. Appellant timely filed a notice of appeal, and his sentence has been stayed pending appeal.
 "1. The trial court erred to the prejudice of the Defendant-Appellant when it allowed the prosecution to emphasis evidence of Defendant-Appellant's three prior DUI convictions throughout the trial when Defendant-Appellant agreed to stipulate to the prior convictions element of the felony DUI offense [sic].
 "2. The trial court abused its discretion when it refused defense counsel's jury instruction on the issue of `operation' and instead gave the state's requested jury instruction on the issue of `operation.'
 "3. The trial court erred to the prejudice of Defendant-Appellant when it overruled Defendant-Appellant's Motion In Limine regarding Defendant-Appellant's refusal to submit to a blood alcohol test and when it gave a jury instruction over Defendant-Appellant's objection which overemphasized the significance of the Defendant's refusal to submit to the blood alcohol test.
 "4. The trial court erred to the prejudice of the Defendant-Appellant when it found the Defendant-Appellant `guilty' against the manifest weight of the evidence.
 "5. The trial court erred to the prejudice of the Defendant-Appellant when it overruled his Motion to Suppress, finding that the police officers had probable cause to arrest the Defendant for DUI."
In the first assignment of error, appellant contends that the trial court erred by allowing the state to emphasize evidence of his three prior DUI convictions throughout trial, even though appellant had agreed to stipulate to the prior convictions' element of the felony DUI offense. Appellant relies for support on Evid.R. 403 and this court's prior opinion in State v.Henton (1997), 121 Ohio App.3d 501, 506-507 (applyingOld Chief v. U.S. (1997), 519 U.S. 172). Appellant claims that the detailed evidence of, and repeated references to, his three prior DUI convictions constituted unfair prejudice because they should not have been made known to the jury during the trial and were only relevant for sentencing purposes.
In addressing this assignment of error, we note that appellant failed to properly raise objections concerning these points before the trial court. Consequently, appellant's first assignment of error must be addressed pursuant to a plain error analysis.
In State v. Campbell (1994), 69 Ohio St.3d 38, 40-41, the Supreme Court of Ohio articulated the standard to be used in a plain error exercise:
 "`It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' State v. Childs (1968), 14 Ohio St.2d 56 * * *, paragraph three of the syllabus. Such errors are waived.
 "Under Crim.R. 52(B), [reviewing courts] have power to recognize `(p)lain errors or defects involving substantial rights (* * *) although they were not brought to the attention of the court.' However, this rule may be invoked only in rare cases. Thus, an alleged error `does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise.' State v. Long
(1978), 53 Ohio St.2d 91 * * *, paragraph two of the syllabus." (Footnotes and parallel citations omitted.)
In the instant matter, appellant's argument does not satisfy the plain error test. The record reveals that appellant was convicted of driving under the influence of drugs or alcohol, in violation of R.C. 4511.19(A), which is generally a first degree misdemeanor. R.C. 4511.99(A)(1)-(A)(3). However, that provision provides that if a defendant has three or more prior convictions under R.C. 4511.19(A), within the previous six years, R.C.4511.99(A)(4)(a) now elevates the offense to a fourth degree felony. The prior convictions elevate the degree of the offense and, therefore, are essential elements of the offense. State v.Gordon (1971), 28 Ohio St.2d 45, 48.
The Ninth District Court of Appeals has elaborated on the role and utilization of facts that are essential elements of the offense when a case is being prosecuted:
 "The state must provide sufficient proof necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of an offense. * * * When a previous conviction is an element of an offense, the state must prove the prior offense beyond a reasonable doubt. * * * Neither the state nor the trial court is required to accept a defendant's stipulation as to the existence of the conviction." (Citations omitted and emphasis added.) State v. Smith (1990), 68 Ohio App.3d 692, 695.
Regarding appellant's assertion that the cases of OldChief v. U.S. (1997), 519 U.S. 172, and State v. Henton
(1997), 121 Ohio App.3d 501, change the result in Smith, an identical argument was raised, considered, and rejected recently by this court. In State v. Payne (Mar. 31, 1999), Lake App. No. 97-L-284, unreported, at 8-10, a case which is directly on point, this court distinguished both Old Chief and Henton and concluded that evidence concerning the name and nature of the defendant's prior convictions were necessary, as an element of the offense, in order for the jury to find the defendant guilty of the fourth degree felony of driving under the influence of alcohol.
Based upon the foregoing analysis and, in particular, our decision in Payne, the trial court did not err in permitting the state to bring appellant's three prior DUI convictions to the jury's attention. Accordingly, the trial court did not commit plain error. Thus, appellant's first assignment of error is without merit.
In the second assignment of error, appellant submits that the trial court abused its discretion when it improperly instructed the jury on the issue of a vehicle's "operation." In essence, appellant argues that the manner in which the Supreme Court of Ohio has interpreted the "operation" of a motor vehicle for purposes of the DUI statutes is incorrect, and that the Supreme Court has "lost its way." Whether we agree that the high court has lost its way, however, is irrelevant to the outcome of this case as we are constrained to apply and follow the law established by the Supreme Court.
Appellant concedes that the trial court's jury instruction followed the Supreme Court's holding in State v. Gill (1994),70 Ohio St.3d 150. In Gill, the court held that:
 "A person who is in the driver's seat of a motor vehicle with the ignition key in the ignition and who, in his or her body has a prohibited concentration of alcohol, is `operating' the vehicle within the meaning of R.C. 4511.19 whether or not the engine of the vehicle is running. (State v. Cleary [1986], 22 Ohio St.3d 198, 22 OBR 351, 490 N.E.2d 574; State v. McGlone [1991], 59 Ohio St.3d 122, 570 N.E.2d 1115, applied and followed.)" Id. at syllabus.
Nevertheless, appellant argues that included in the definition of "operating" a motor vehicle should be either "driving, attempting to drive, or possessing an immediate intent to drive," as suggested by Justice Pfeifer in the dissent in Gill. Id. at 156.
The jury instruction given to the jury in the case sub judice
provided, in relevant part:
 "The Defendant is charged with operating a [sic] while under the influence of alcohol. Before you can find the Defendant guilty, you must find beyond a reasonable doubt that on or about April 15, 1997, at approximately 8:00 p.m., in Lake County, Ohio, the Defendant operated a vehicle while under the influence of alcohol, that is while seated in a readily operable vehicle with the key in the ignition, at 1351 E. 357th Street, Eastlake, Lake County, Ohio.
 "The term operate is a broader term than driving. It includes not only a person being in control of a vehicle while it is in motion but also a person, whether conscious or unconscious, in the driver's location in the front seat of a stationary vehicle so as to be capable of doing any act or series of acts which could cause or contribute to the vehicle being put in motion. It is not necessary to prove that the person in the driver's location of a stationary vehicle ever had the vehicle in motion or intended to put the vehicle in motion. Under Ohio law, a person who is in the driver's seat of a motor vehicle parked on a [sic] private or public property with the ignition key in the ignition and who while intoxicated, is operating a vehicle within the meaning of the statute governing driving while under the influence of alcohol, whether or not the engine of the vehicle is running.
 "If you find that the vehicle was totally incapable of movement, then you cannot find the Defendant guilty of operating a vehicle under the influence of alcohol."
This portion of the instruction manifests an accurate reflection of the state of the law on this issue. If appellant was in the driver's seat with the key in the ignition, then he could be found guilty of DUI. However, if the vehicle was "totally incapable of movement," then he could not have been "operating" the vehicle under the influence of alcohol.
Intent to actually drive the vehicle is simply not an element of a DUI offense. See State v. Cleary (1986), 22 Ohio St.3d 198, paragraphs one and two of the syllabus; State v. McGlone (1991),59 Ohio St.3d 122, syllabus; and Gill, supra, syllabus. As long as one is in a position of control over a vehicle, and he or she is under the influence of drugs or alcohol, that person can be convicted of DUI. McGlone, 59 Ohio St.3d at 124.
Accordingly, the trial court's jury instruction was proper regarding these issues. Appellant's second assignment of error is without merit.
In the third assignment of error, appellant asserts that the trial court erred when it overruled his motion in limine regarding his refusal to submit to a blood-alcohol test. Additionally, he claims that it was error for the trial court to give a jury instruction which overemphasized the significance of his refusal to submit to the blood-alcohol test. Appellant argues that his refusal to submit to the test was not relevant and, therefore, not admissible and, further, that if it was relevant, the danger of unfair prejudice surely outweighed the probative value of such evidence. We disagree.
In the case sub judice, appellant failed to object at trial to the introduction of evidence that he refused to submit to a Breathalyzer examination. In State v. Brown (1988), 38 Ohio St.3d 305, paragraph three of the syllabus, the Ohio Supreme Court wrote, "[a] denial of a motion in limine [sic] does not preserve error for review. A proper objection must be raised at trial to preserve error." Thus, under the holding of Brown, appellant has waived his right to assign as error the fact that evidence was presented concerning his refusal to undergo a Breathalyzer test. In addition, appellant has failed to argue plain error, and for the reasons that follow, there was no error in permitting the introduction of such evidence.
The Supreme Court of Ohio has specifically held that a defendant's refusal to submit to a reliable chemical test for intoxication is admissible as it is probative of whether the defendant was intoxicated at the time of the refusal. Westervillev. Cunningham (1968), 15 Ohio St.2d 121, paragraphs one and three of the syllabus. Specifically, the court stated:
 "Where a defendant is being accused of intoxication and is not intoxicated, the taking of a reasonably reliable chemical test for intoxication should establish that he is not intoxicated. On the other hand, if he is intoxicated, the taking of such a test will probably establish that he is intoxicated. Thus, if he is not intoxicated, such a test will provide evidence for him; but, if he is intoxicated, the test will provide evidence against him. Thus, it is reasonable to infer that a refusal to take such a test indicates the defendant's fear of the results of the test and his consciousness of guilt, especially where he is asked his reason for such refusal and he gives no reason which would indicate that his refusal had no relation to such consciousness of guilt." Id. at 122. (Emphasis added.) See, also, Maumee v. Anistik (1994), 69 Ohio St.3d 339, 342.
In State v. Arnold (Dec. 11, 1992), Portage App. No. 92-P-0046, unreported, at 5-6, this court acknowledged the valid reasoning of Cunningham and made a distinction between situations where the defendant has an alternative reason to refuse to take a Breathalyzer test for purposes other than that he is conscious of guilt, with instances where the defendant has no articulated reason. In the present case, appellant offered no alternative reason.
With respect to appellant's claim that the trial court overemphasized his refusal during jury instructions, the instruction in question merely provided:
 "Evidence has been introduced indicating the Defendant was asked but refused to submit to a chemical test of his/her blood, breath, or urine to determine the amount of alcohol in his system, for the purpose of suggesting that the Defendant believed he was under the influence of alcohol. If you find the Defendant refused to submit to said test, you may, but are not required to, consider this evidence along with all the other facts and circumstances in evidence in deciding whether the Defendant was under the influence of alcohol."
Clearly, the trial court did not overemphasize appellant's refusal to submit to a breath test but, merely, instructed the jury on the law as set forth inCunningham. Appellant's refusal could be considered along with all the other facts and circumstances in deciding whether appellant was under the influence of alcohol. This instruction was proper.
Based upon the foregoing analysis, the trial court did not err in overruling appellant's motion in limine regarding his refusal to submit to a blood-alcohol test, nor was the jury instruction on this issue in error. Appellant's third assignment of error is without merit.
In the fourth assignment of error, appellant contends that his conviction was against the manifest weight of the evidence because it was not supported by competent, credible evidence that proved him guilty beyond a reasonable doubt. Appellant further argues that appellee presented insufficient evidence to prove that he was driving while under the influence of alcohol. Therefore, appellant raises the issues of sufficiency and manifest weight.
In State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, 10-11, this court commented on the differences between sufficiency arguments and errors based on manifest weight, and articulated the elements for each of them:
 "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented.
 "`"( * * *) (T)he test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. * * *"'
 "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence `in a light most favorable to the prosecution,' * * * `(a) reviewing court (should) not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' State v. Eley
(1978), 56 Ohio St.2d 169, syllabus.
 "On the other hand, `manifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) (t)he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"' * * *" (Citations omitted and emphasis sic.)
Additionally, a judgment of the trial court should be reversed as being against the manifest weight of the evidence "only in exceptional cases in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
For purposes of addressing appellant's sufficiency claim, R.C.4511.19 states the following:
 "(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 "(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse. * * *"
By reviewing the pertinent language for appellant's conviction under R.C. 4511.19(A)(1), the necessary elements of the offense are: (1) any person, (2) operating, (3) any vehicle, (4) in this state, (5) while under the illegal influence of alcohol, a drug of abuse, or alcohol and a drug of abuse. Importantly, appellant only contends that the second element was not sufficiently established. Indeed, appellant states that "the operation of the vehicle [is] the primary factual issue." In that regard, appellant first avers that he was not actually seen driving his van and, second, that the van was inoperable because it could not be started due to an electrical problem.
However, appellee presented evidence that the van was fully operable. Appellee's evidence consisted, in part, on the testimony of two witnesses, who claimed that both the van and appellant disappeared for a short period of time during the evening in question. Additionally, the tow truck driver, who towed the van to an impound lot after appellant was arrested, testified that he started the van's engine and drove it under its own power at the impound lot after taking it off the tow truck. Furthermore, there was evidence that despite any alleged electrical problems with the van, appellant drove the van on a daily basis to and from work and had driven it on the day in question without incident, and without taking a battery charger with him. Finally, the van had never been towed. Thus, any alleged continuing electrical problem must have been sporadic at best.
After viewing the evidence presented in a light most favorable to appellee, we conclude that there is substantial evidence upon which a jury could reasonably conclude that all of the elements of R.C. 4511.19(A)(1) have been proven beyond a reasonable doubt. Namely, there is sufficient evidence that appellant "operated" his van for purposes of a conviction under R.C. 4511.19(A)(1).
The second part of this assignment of error requires an analysis of appellant's argument that his conviction was against the manifest weight of the evidence.
The record first shows that it is undisputed that appellant had been drinking beer for a number of hours while he was in or around his van in his parent's backyard. Secondly, it is undisputed that appellant was sitting in the driver's seat of the van, drinking a beer, with the key in the ignition when the police officers arrived on the scene. According to the competent, credible testimony of the police officers, appellant smelled of alcohol, his eyes were bloodshot, his speech was slurred, and he exhibited poor balance. Moreover, appellant failed all of the field sobriety tests and refused to take a Breathalyzer exam. In addition, the evidence demonstrates that appellant's van was operable and disappeared during the night in question.
In reviewing this case under the standard set forth in Schlee, we conclude that the jury did not clearly lose its way or that a manifest miscarriage of justice occurred in the conviction of appellant. Therefore, his conviction was not against the manifest weight of the evidence and appellant's fourth assignment of error is without merit.
 In the fifth assignment of error, appellant maintains that the trial court erred by overruling his motion to suppress wherein he argued that the police officers did not have probable cause to arrest him for DUI.
From a review of the transcript from the suppression hearing, it is evident that appellant was arrested at his parent's residence based upon the outstanding warrant, not on a DUI charge. Clearly, the arrest based on the warrant was legal in all respects. While a determination was made by the officers on the scene that appellant was intoxicated and would be charged with DUI, he was not charged at that time, and that was not the basis for his arrest. Hence, the trial court did not err by overruling appellant's motion to suppress. Appellant's fifth assignment of error is without merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.
DONALD R. FORD
NADER, J., concurs,
O'NEILL, J., dissents with Dissenting Opinion.
DISSENTING OPINION