This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Following a bench trial, defendant-appellant Jerome Mussman appeals his conviction for operating a motor vehicle while under the influence of alcohol or a drug of abuse, or a combination of both, in violation of R.C. 4511.19(A)(1).
Mussman was stopped by Cincinnati police officers at 1:30 a.m. after running a red light. The officers noticed that Mussman had watery, bloodshot eyes and smelled of alcohol. Mussman failed various field-sobriety tests and a horizontal gaze nystagmus test. He refused to submit to a breath or urine test of his blood-alcohol level. He admitted to consuming four beers some time before driving. At trial, Mussman contended that he was impaired not by his alcohol consumption but because, during the four hours previous to his arrest, he had inhaled intoxicating fumes while applying "Cetol Marine," a marine varnish, to his sailboat. Mussman did not inform the arresting officers of his exposure to the varnish.
In his first assignment of error, Mussman now argues that the trial court erred in denying his motion for a judgment of acquittal, and he also challenges the weight of the evidence adduced at trial to support his conviction. Our review of the record fails to persuade us that the trial court, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211; see, also, State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. The trial court was entitled to reject Mussman's theory that he was impaired solely by the inhalation of the Cetol Marine varnish. The state presented ample evidence that Mussman was driving while impaired by alcohol. See Maumee v. Anistik, 69 Ohio St.3d 339,1994-Ohio-157, 632 N.E.2d 497. As the weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine, see State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus, the trial court, in resolving conflicts in the testimony, could properly have found Mussman guilty of the charged crime and thus did not lose its way. The third assignment of error is overruled.
Moreover, the trial court properly denied Mussman's motion for a judgment of acquittal, when reasonable minds could have reached different conclusions as to whether each element of the crime charged had been proved beyond a reasonable doubt, including whether Mussman was impaired by alcohol or by another substance while operating his vehicle. See Crim.R. 29; see, also, State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184. The first assignment of error is overruled.
In his second assignment of error, Mussman argues that the state failed to present any expert testimony that the marine varnish he inhaled constituted either a drug of abuse or a harmful intoxicant as those terms are defined in the Revised Code. See R.C. 2925.01 and 4729.01; see, also, State v.McDonald (July 27, 1993), 5th Dist. No. 93CA-C-01-005. The state did not argue at trial that Mussman was impaired by the inhalation of the marine varnish. Therefore, the state had no obligation to present evidence, from an expert or from a lay source, that the Cetol Marine was a substance proscribed by law. The second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.