[Cite as *State v. Daniels*, 2014-Ohio-3697.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-969 |
| v. | : | (M.C. No. 2013TRD-112581) |
| Kevin L. Daniels, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on August 26, 2014

---

*Richard C. Pfeiffer, Jr.*, City Attorney; *Lara N. Baker*, City Prosecutor, and *Melanie R. Tobias*, for appellee.

*Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellant.

---

APPEAL from the Franklin County Municipal Court

KLATT, J.

{¶ 1} Defendant-appellant, Kevin L. Daniels, appeals from a judgment of conviction and sentence entered by the Franklin County Municipal Court. For the following reasons, we affirm that judgment.

I. Factual and Procedural Background

{¶ 2} In the early morning hours of February 13, 2013, Ohio State Highway Patrol Officer Rodney Hart stopped appellant's car after observing him commit numerous traffic violations. Hart also suspected that appellant may have been driving while impaired. Hart approached the car and noticed a strong alcohol odor when appellant rolled down

his window. Hart asked appellant to get out of the car to perform field sobriety tests. Appellant told the officer he did not have anything to drink that night.

{¶ 3} Once outside the car, the officer had appellant perform three field sobriety tests: the horizontal gaze nystagmus test, the walk and turn test, and the one-leg test. During these tests, appellant admitted to drinking one or two beers. Officer Hart observed a number of clues on each of these tests indicating to him that appellant was impaired. As a result, Officer Hart arrested appellant for operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) ("OVI impaired").[1]

{¶ 4} Officer Hart then read appellant a BMV Form 2255, which includes the consequences for refusing to submit to a chemical test for alcohol. Officer Hart asked appellant to take a breath test for alcohol, which appellant refused. Appellant also refused to take a urine test for alcohol. (Tr. 267.) Appellant expressed some level of skepticism about the alcohol tests generally and told the officer he wanted to go to a hospital and have a blood test performed. The officer declined that request. Appellant did not go to the hospital to have such test after his release from custody.

{¶ 5} Appellant entered a not guilty plea to the OVI impaired charge[2] and proceeded to a jury trial. The only witnesses at that trial were Officer Hart and appellant. Officer Hart testified to the above version of events. Appellant testified that he had been at a restaurant where he ate and drank two beers before the officer pulled him over. Appellant did not dispute that he may have committed traffic violations before being pulled over, but he did try to justify his performance on the field sobriety tests. He explained that: it was really loud on the side of the freeway so he had a hard time understanding what the officer was saying at times; it was cold out, which exacerbated pain in his body from a recent gunshot wound; the gunshot wound and his recent weight gain affected his ability to balance or stand for long periods; cars and their headlights driving by him on the freeway effected his concentration; and he was really tired.

---

[1] Appellant was also cited for failure to use a turn signal. Ultimately, the trial court found him guilty of that charge and sentenced him accordingly. That violation is not at issue in this appeal.

[2] OVI charges are commonly referred to as either impaired (R.C. 4511.19(A)(1)(a)) or per se (R.C. 4511.19(A)(1)(b) through (j). *See State v. Brand*, 157 Ohio App.3d 451, ¶ 11-12 (1st Dist. 2004), citing *Newark v. Lucas*, 40 Ohio St.3d 100 (1988). The impaired charge generally prohibits impaired driving, while a per se charge prohibits operation of a vehicle with certain concentrations of alcohol and drugs in a person's system. *State v. Mayl*, 106 Ohio St.3d 207, 2005-Ohio-4629, ¶ 18. Because appellant refused to take a test for the presence of alcohol in his system, he could not be charged with OVI per se.

Appellant also testified that he offered to go to the hospital and have a blood test performed instead of the breath or urine tests requested by the officer but that he did not do so.

{¶ 6} The jury found appellant guilty of the OVI impaired charge and the trial court sentenced him accordingly.

## II. The Appeal

{¶ 7} Appellant appeals and assigns the following errors:

> [1.] Appellant's right to a fair trial and due process of law as memorialized in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 16 of the Ohio Constitution were violated when, following specific evidentiary rulings by the trial court, the prosecutor ignored these rulings and made certain inflammatory remarks in the presence of the jury.

> [2.] The court's refusal instruction was contrary to law because it violated the holding of *Maumee v. Anistik*, 69 Ohio St.3d 339, 632 N.E.2d 497 (1994) and constituted an improper comment on the evidence by the court.

> [3.] The OVI conviction was against the sufficiency of the evidence and the manifest weight of the evidence.

### A. First Assignment of Error—Prosecutorial Misconduct

{¶ 8} In this assignment of error, appellant points to certain instances that he alleges constitute prosecutorial misconduct that deprived him of a fair trial. We disagree.

{¶ 9} The standard of review for prosecutorial misconduct is whether the comments and questions by the prosecution were improper and, if so, whether they prejudiced appellant's substantial rights. *State v. Treesh*, 90 Ohio St.3d 460, 480 (2001). "The touchstone of analysis 'is the fairness of the trial, not the culpability of the prosecutor.' " *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, ¶ 92, quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982). Prosecutorial misconduct will not provide a basis for reversal unless the misconduct can be said to have deprived the appellant of a fair trial based on the entire record. *State v. Lott*, 51 Ohio St.3d 160, 166 (1990).

{¶ 10} Appellant first points to a comment the prosecutor made during an objection to appellant's testimony. While appellant was testifying about his performance on the field sobriety tests, appellant commented that he knew he was not drunk. (Tr.

227.)   The prosecutor objected, noting that "[w]e're talking about impairment, not whether someone is drunk.  That would indicate over the legal limit of .08.  That's not the issue on the trial."  (Tr. 227.)  Appellant claims that this comment communicated to the jury that appellant was over the legal limit which was not an issue in this trial.  We disagree.  The comment did not imply what appellant's alcohol level would have been had he taken a test.  Instead, the comment clarified that an individual need not be legally drunk to be impaired.  This is the difference between a per se charge and the impaired charge, and there is nothing improper about the correct statement of law.  Additionally, because the prosecutor correctly pointed out that the issue at trial was appellant's impairment and not the alleged level of alcohol in his system, the comment could not prejudice appellant.

{¶ 11} In a related argument, appellant also points to Officer Hart's testimony that he concluded that appellant's blood alcohol level would be over .08.  This testimony can not form the basis of a prosecutorial misconduct claim because it is testimony from a witness, not conduct of or a comment made by a prosecutor.  *State v. Castile*, 10th Dist. No. 13AP-10, 2014-Ohio-1918, ¶ 19.  Additionally, the trial court sustained an objection to the officer's testimony and struck it from the record.  (Tr. 204.)

{¶ 12} Second, appellant points to a comment the prosecutor made during closing argument.  For background, appellant testified that he had taken some pain medication earlier on the day of his OVI citation.  As a result, appellant's counsel requested a ruling from the trial court that the prosecutor could not comment during closing argument about any conclusions the jury could draw based on the how the medicine could interact with alcohol and cause impairment.  The trial court agreed and advised the prosecutor not to make any "conclusory remarks with regard to what affect the medicine had on his OVI."  (Tr. 288.)

{¶ 13} During closing argument, the prosecutor commented that "[n]o one here is saying that [appellant] is falling down, stumbling, is the worst person we've ever seen. What we're saying is that he consumed alcohol and had Oxycodone, sufficient enough to make him impaired."   (Tr. 300.)   Appellant's counsel objected, and the trial court sustained the objection.  The prosecutor then corrected his comment, noting that "[h]e has consumed enough alcohol to make him unable to drive."  (Tr. 300.)

{¶ 14} Even if the prosecutor's initial comment regarding Oxycodone rose to the level of misconduct, there is no prejudicial effect warranting reversal, because the trial court sustained appellant's objection to the comment and the prosecutor then corrected the comment to exclude the reference to Oxycodone and did not discuss the drug after the objection. *See State v. Mielke*, 10th Dist. No. 10AP-48, 2011-Ohio-277, ¶ 22 (prosecutor's comment during closing argument was not prejudicial error where trial court sustained objection to comment, appellant did not request curative instruction, and prosecutor did not make further similar remarks).

{¶ 15} Because we have found no instances of prosecutorial misconduct, we also reject appellant's argument that the cumulative effect of these instances deprived him of a fair trial. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, ¶ 230.

{¶ 16} We overrule appellant's first assignment of error.

## B.  Second Assignment of Error—Jury Instructions

{¶ 17} In this assignment of error, appellant challenges the trial court's jury instruction regarding his refusal to take a test for alcohol.  We note that a trial court has broad discretion in instructing the jury.  *State v. Kimkhe*, 10th Dist. No. 11AP-433, 2012-Ohio-1964, ¶ 12.  Therefore, when reviewing a trial court's jury instruction, the proper standard of review for an appellate court is to determine whether the trial court's decision to give a requested jury instruction constitutes an abuse of discretion under the facts and circumstances of the case.  *Id.*  Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, no court has the authority, within its discretion, to commit an error of law.  *State v. Moncrief*, 10th Dist. No. 13AP-391, 2013-Ohio-4571, ¶ 7.

{¶ 18} The trial court instructed the jury that:

> [e]vidence has been introduced indicating the defendant was asked but refused to submit to a chemical test of his blood, breath or urine to determine the amount of alcohol in his system for the purpose of suggesting the defendant believed he was under the influence of alcohol.
>
> *The law in Ohio requires a law enforcement officer to ask a defendant to submit to one of three different tests.  A person suspected of operating a vehicle under the influence does not choose which test will be taken.  If you find the defendant refused to submit to said test, you may, but are not required*

to, consider this evidence along with all other facts and circumstances in evidence in deciding whether the defendant was under the influence of alcohol.

(Tr. 306-07.)  (Emphasis added.)

{¶ 19} Except for the italicized portion of the above instruction, the Supreme Court of Ohio has approved the above instruction "where a person has been arrested for driving while under the influence of alcohol and is requested by a police officer to submit to a chemical test of his or her breath but he or she refuses to take the test, and the reason given for the refusal is conditional, unequivocal, or a combination thereof." *Maumee v. Anistik*, 69 Ohio St.3d 339, 344 (1994).

{¶ 20} Appellant first argues that the refusal instruction itself was not proper because he did not refuse to take a test under *Maumee* because he offered to take a blood test instead of the tests the officer asked him to take.  We disagree.  Officer Hart asked appellant to take two tests and he unequivocally refused both.  Appellant did not have the right to choose which test to take.  *State v. Caldwell*, 10th Dist. No. 02AP-576, 2003-Ohio-271, ¶ 8-12 (provision of *Maumee* instruction not plain error where defendant refused to take urine test despite his repeated requests to take different test).  *Mt. Vernon v. Seng*, 5th Dist. No. 04CA000012, 2005-Ohio-2915, ¶ 46 (refusal where defendant offered to take blood test but officer only offered breath test and defendant refused that test).

{¶ 21} Second, appellant argues that the trial court's addition of the italicized portion of the instruction was error.  He argues that Officer Hart never told him that information and the instruction approved in *Maumee* did not contain such language.  We reject appellant's arguments.

{¶ 22} A defendant in a criminal case is entitled only to have the law stated correctly by the trial court, not to have his proposed jury instructions presented to the jury.  *State v. Boyde*, 10th Dist. No. 12AP-981, 2013-Ohio-3795, ¶ 12. Where requested jury instructions are correct statements of the law as applied to the facts of the case, they should generally be given.  *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 48.  The portion of the refusal instruction appellant objects to is a correct statement of the law: the officer was required to ask appellant to submit to a test for alcohol and appellant did not have the right to choose which test to take.  R.C. 4511.191(A)(3); *Seng*.

Thus, notwithstanding appellant's arguments, the trial court did not abuse its discretion in supplementing the refusal instruction because the supplemental language is a correct statement of the law. *See State v. Carreiro*, 12th Dist. No. CA2011-12-236, 2013-Ohio-1103, ¶ 25 (provision of jury instruction that was a correct statement of law was not abuse of discretion).

{¶ 23} The trial court's refusal instruction was not an abuse of discretion. Accordingly, we overrule appellant's second assignment of error.

### C. Third Assignment of Error– Sufficiency and Manifest Weight of the Evidence

{¶ 24} In this assignment of error, appellant contends that his conviction is not supported by sufficient evidence and is also against the manifest weight of the evidence. Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *State v. McCrary,* 10th Dist. No. 10AP-881, 2011-Ohio-3161, ¶11, citing *State v. Braxton,* 10th Dist. No. 04AP-725, 2005-Ohio-2198, ¶ 15. "[T]hus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." *Id.* In that regard, we first examine whether appellant's conviction is supported by the manifest weight of the evidence. *State v. Gravely*, 188 Ohio App.3d 825, 2010-Ohio-3379, ¶ 46 (10th Dist.).

{¶ 25} The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. *State v. Thompkins,* 78 Ohio St.3d 380, 387 (1997). When presented with a challenge to the manifest weight of the evidence, an appellate court may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* at 387. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*, quoting *State v. Martin*, 20

Ohio App.3d 172, 175 (1st Dist.1983); *State v. Strider-Williams*, 10th Dist. No. 10AP-334, 2010-Ohio-6179, ¶ 12.

{¶ 26} In addressing a manifest weight of the evidence argument, we are able to consider the credibility of the witnesses. *State v. Cattledge*, 10th Dist. No. 10AP-105, 2010-Ohio-4953, ¶ 6. However, in conducting our review, we are guided by the presumption that the jury, or the trial court in a bench trial, " 'is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Id.*, quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). Accordingly, we afford great deference to the jury's determination of witness credibility. *State v. Redman*, 10th Dist. No. 10AP-654, 2011-Ohio-1894, ¶ 26, citing *State v. Jennings*, 10th Dist. No. 09AP-70, 2009-Ohio-6840, ¶ 55. *See also State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus (credibility determinations are primarily for the trier of fact).

{¶ 27} Appellant contends that his OVI conviction is against the manifest weight of the evidence due to a number of reasons for his poor performance on the field sobriety tests. Specifically, he claims that the noise of the highway made it hard for him to hear Officer Hart's instructions, that is was cold out which caused him to sway during the tests, and that headlights from other cars on the highway made it hard to perform one of the tests. Appellant also notes that he did not slur his speech, he was cooperative, he had no trouble exiting his car, and his shortcomings on the field sobriety tests were minimal.

{¶ 28} Appellant testified at trial to all of the above reasons for his poor performance on the field sobriety tests and his behavior during the traffic stop. The jury obviously rejected these reasons and chose to rely on Officer Hart's testimony indicating that appellant was under the influence. Specifically, Officer Hart testified to appellant's driving before being stopped, the smell of alcohol in the car, his admission to drinking that night, his poor performance on the field sobriety tests, and his decision to refuse breath and urine tests for alcohol. Additionally, the jury viewed the video of his traffic stop and could make their own determinations about the validity of appellant's explanations. In light of all this evidence, we cannot say that the jury clearly lost its way in concluding that appellant was impaired and driving while under the influence of alcohol. Appellant's OVI conviction is not against the manifest weight of the evidence. *Columbus*

*v. Robbins*, 61 Ohio App.3d 324, 329 (10th Dist.1989); *State v. Standen*, 9th Dist. No. 05CA008813, 2006-Ohio-3344, ¶ 25.  This resolution is also dispositive of appellant's claim that his conviction was not supported by sufficient evidence.  *Gravely* at ¶ 50.  Accordingly, we overrule appellant's third assignment of error.

### III.  Conclusion

{¶ 29} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.