The STATE of Ohio

v.

CRACE.

2012-Ohio-2090.]

Athens County Municipal Court, Ohio.

No. 11TRC07742.

Decided Feb. 16, 2012.

James K. Stanley, Athens City Prosecuting Attorney, for plaintiff.

William R. Biddlestone, for defendant.

WILLIAM A. GRIM, Judge.

{¶ 1} This matter came on for hearing this 14th day of February, 2012, on defendant Jason Crace's motion to suppress. Defendant was present with his attorney William R. Biddlestone. The state of Ohio was represented by James K. Stanley. Upon consideration of testimony, the court finds as follows:

## FACTS

{¶ 2} Defendant was the driver of a vehicle that crashed during the early evening hours of December 1, 2011. The crash scene was on State Route 56 about eight miles from Athens. The vehicle was not completely blocking the roadway when it came to rest.

{¶ 3} Ohio Highway Patrol Post 5 received a telephone call at 8:24 p.m. from Ohio Department of Natural Resources Officer Perko reporting that he had come upon the accident scene at 8:15 p.m. Ohio Highway Patrol Trooper Davis was dispatched and arrived on the scene at 8:34 p.m.

{¶ 4} Defendant admitted that he had been driving the vehicle but declined to give a statement as to the circumstances of the one-vehicle accident. Davis noted that although defendant said that he was not injured, he was unsteady. Davis also noted that he had a strong odor of an alcoholic beverage, slurred speech, and red, glassy, bloodshot eyes.

{¶ 5} On a properly conducted horizontal-gaze-nystagmus ("HGN") test, defendant scored six of six possible clues. Defendant attempted to begin the walk-and-turn test but was unable to maintain the opening heel-to-toe position and

then refused to complete that test. Defendant also refused to attempt the one-leg-stand test and portable breath test.

{¶ 6} Defendant was arrested for operating a vehicle while under the influence of alcohol ("OVI"), and properly advised of the consequences under R.C. 4511.192 of testing or refusing, and he refused to take an evidentiary breath test. This refusal occurred at 9:40 p.m.

{¶ 7} In writing the OVI citation, Davis noted the time of the violation as 8:00 p.m. There was no evidence presented to establish that precise time. The basis for that time was Davis's opinion that an accident on a state highway would be noticed and reported within a very short amount of time.

## ISSUES

{¶ 8} Defendant concedes that there was probable cause for an OVI arrest. The issue presented is compliance with the three-hour rule of R.C. 4511.19, given the questionable time of the accident. This court has issued two previous decisions on this requirement (*State v. Wagoner*, case No. 10TRC06494, decided December 1, 2010; *State v. Bobo*, case No. 11TRC02429, decided July 29, 2011), but the facts in this case present an issue not previously considered. Does the three-hour rule have any application to an explicit refusal of an evidentiary breath test?

{¶ 9} Defendant raises the issue of the three-hour requirement not only as to the validity of the administrative license suspension but also as to the element of refusal in defendant's R.C. 4511.19(A)(2) charge. It is defendant's position that a refusal, in order to be recognized as a refusal for each of these purposes, must come within three hours of the last operation of the vehicle.

## CONCLUSIONS

{¶ 10} R.C. 4511.19(D)(1)(b) provides that the court may admit evidence as shown by a chemical analysis of a bodily substance "withdrawn within three hours of the time of the alleged violation." The rationale for this requirement is to have a sample closely related in time as (circumstantial) evidence of the concentration at the time of operation. If the sample is taken within that time, no expert testimony is required to relate back to the time of operation. A later test may still be admissible with expert testimony to calculate, by retrograde extrapolation, the concentration at the time of operation. *Newark v. Lucas*, 40 Ohio St.3d 100, 532 N.E.2d 130 (1988); *State v. Hassler*, 115 Ohio St.3d 322, 875 N.E.2d 46 (2007). Thus, the reason for the rule is the relevance and reliability of the chemical test result.

{¶ 11} R.C. 4511.19(A)(2)(b), in describing the refusal element of this charge, requires that the arrestee, subsequent to "being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests." The court notes that there is no explicit time requirement within this particular section.

{¶ 12} R.C. 4511.191 contains the implied-consent law of Ohio with an administrative-license-suspension sanction for either a test over the limit or a refusal. There are no explicit time requirements within this section for the test or refusal. Similarly, the appeal criteria of R.C. 4511.197 have no time requirements.

{¶ 13} R.C. 4511.192 contains two types of mandates. Ninety-five percent of that section provides directives for a law-enforcement officer to advise an arrestee of consequences of refusing or testing and further directives as to processing the documentation regarding the arrestee's test or refusal. Nothing in the directives to the officer explicitly requires advice of consequences within three hours.

{¶ 14} There is a mandate in this section directed to the arrestee. Paragraph (A) reads:

The person must submit to the chemical test or tests, subsequent to the request of the arresting officer, within two hours of the time of the alleged violation and, if the person does not submit to the test or tests within that two–hour time limit, the failure to submit automatically constitutes a refusal to submit to the test or tests.

This two-hour rule and the three-hour rule of R.C. 4511.19(D)(1)(b) have been construed together to require the arrestee to agree to a test within two hours and for the test to actually be given within three hours of the time of the alleged violation. Under the above statutory language, a constructive refusal cannot be found unless "subsequent to the request of the arresting officer." This is a due process requirement; there cannot be a constructive refusal at any time without a prior request.

{¶ 15} This case involves an explicit refusal, not a constructive refusal. An explicit refusal is a refusal whenever made. Given that the purpose of the three-hour rule is for the relevance and reliability of a completed test sample, such rule has no rational relationship to a belated refusal. An explicit refusal is just as material under R.C. 4511.19(A)(2) and 4511.191 if made four hours after the last operation as it would be if made one hour after the last operation. Under the standard of Evid.R. 401, the timing of the refusal has no tendency to make the fact of the refusal more or less probable than it would be without the evidence of the time.

{¶ 16} In summary, there is no time limitation, either two hours or three hours, in R.C. 4511.19, 4511.191, 4511.192, or 4511.197 for an explicit refusal to trigger an administrative license suspension and to be an element of an R.C. 4511.19(A)(2) violation.

## DECISION

{¶ 17} Defendant's motion to suppress is denied. The administrative license suspension remains in effect. The explicit refusal is admissible at trial.

So ordered.