[Cite as *State v. Crace*, 2013-Ohio-3417.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA13 |
| | : | |
| vs. | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| JASON CRACE, | : | <u>ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | **Released: 07/26/13** |

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Jason A. Macke and Francisco
E. Lüttecke, Assistant State Public Defenders, Columbus, Ohio, for
Appellant.

Patrick J. Lang, Athens City Law Director, and James K. Stanley, Athens
City Prosecutor, Athens, Ohio, for Appellee.

_____

McFarland, P.J.

{¶1} Jason Crace appeals his convictions for operating a vehicle

under the influence, driving under suspension, and a marked lanes violation

after he pled no contest to the charges upon the trial court's denial of his

motion to suppress. On appeal, Crace (Appellant hereinafter) contends that

the trial court erred when it denied his motion to suppress his refusal to

consent to chemical testing. Because we agree with the trial court's decision

to deny Appellant's motion to suppress, Appellant's sole assignment of error is overruled. Accordingly, the decision of the trial court is affirmed.

FACTS

{¶2} This appeal involves the trial court's denial of Appellant's motion to suppress his refusal to consent to chemical testing in connection with his arrest for OVI, in violation of R.C. 4511.19(A)(2). R.C. 4511.19(A)(2) prohibits an individual with a conviction for OVI in the preceding twenty years from refusing to submit to a chemical test after being arrested for OVI a second time. Bearing in mind our standard of review on a motion to suppress, which we will discuss more fully infra, we adopt the facts as determined by the trial court in its decision and entry denying Appellant's motion to suppress, as set forth in *State v. Crace*, 168 Ohio Misc.2d 13, 2012-Ohio-2090, 968 N.E.2d 76, ¶ 2-7:

> "Defendant was the driver of a vehicle that crashed during the early evening hours of December 1, 2011. The crash scene was on State Route 56 about eight miles from Athens. The vehicle was not completely blocking the roadway when it came to rest.
>
> Ohio Highway Patrol Post 5 received a telephone call at 8:24 p.m. from Ohio Department of Natural Resources Officer

Perko reporting that he had come upon the accident scene at 8:15 p.m. Ohio Highway Patrol Trooper Davis was dispatched and arrived on the scene at 8:34 p.m.

Defendant admitted that he had been driving the vehicle but declined to give a statement as to the circumstances of the one-vehicle accident. Davis noted that although defendant said that he was not injured, he was unsteady. Davis also noted that he had a strong odor of an alcoholic beverage, slurred speech, and red, glassy, bloodshot eyes.

On a properly conducted horizontal-gaze-nystagmus ("HGN") test, defendant scored six of six possible clues. Defendant attempted to begin the walk-and-turn test but was unable to maintain the opening heel-to-toe position and then refused to complete that test. Defendant also refused to attempt the one-leg-stand test and portable breath test.

Defendant was arrested for operating a vehicle while under the influence of alcohol ("OVI"), and properly advised of the consequences under R.C. 4511.192 of testing or refusing, and he refused to take an evidentiary breath test. This refusal occurred at 9:40 p.m.

In writing the OVI citation, Davis noted the time of the violation as 8:00 p.m. There was no evidence presented to establish that precise time. The basis for that time was Davis's opinion that an accident on a state highway would be noticed and reported within a very short amount of time."[1]

{¶3} After the trial court denied his motion to suppress, Appellant entered a plea of no contest to operating a vehicle under the influence, in violation of R.C. 4511.19(A)(2), driving under suspension in violation of R.C. 4510.21, and marked lanes, in violation of R.C. 4511.33. It is after these convictions and sentences that Appellant now appeals the trial court's denial of his motion to suppress, raising a single assignment of error for our review.

ASSIGNMENT OF ERROR

 "I.    THE TRIAL COURT ERRED WHEN IT DENIED MR. CRACE'S MOTION TO SUPPRESS HIS REFUSAL TO CONSENT TO CHEMICAL TESTING."

LEGAL ANALYSIS

In his sole assignment of error, Appellant contends that the trial court erred in denying his motion to suppress his refusal to consent to chemical

---

[1] Contrary to the trial court's finding that the OVI citation indicated a violation time of 8:00 p.m., the citation itself indicates the violation occurred at "2004" or 8:04 p.m., which is consistent with the trooper's testimony at the suppression hearing. Further, in addition to stating that the basis for choosing that time was the trooper's "opinion that an accident on a state highway would be noticed and reported within a very short amount of time[,]" the trooper also testified that he would not have "backed up" the time that far unless Appellant indicated to him that amount of time had passed.

testing in connection with his charge of OVI in violation of R.C. 4511.19(A)(2).  We begin our analysis by considering the proper standard of review for reviewing a decision on a motion to suppress.

{¶4}  Our review of a trial court's decision on a motion to suppress presents a mixed question of law and fact. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 100; citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When considering a motion to suppress, the trial court acts as the trier of fact and is in the best position to resolve factual questions and evaluate witness credibility. Id. Accordingly, we defer to the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Landrum*, 137 Ohio App.3d 718, 722, 739 N.E.2d 1159 (4th Dist. 2000). Accepting those facts as true, we must independently determine whether the trial court reached the correct legal conclusion in analyzing the facts of the case. *Roberts* at ¶ 100, citing *Burnside* at ¶ 8.

{¶5}  Generally, at issue in this case is whether Appellant's refusal to submit to chemical testing should have been suppressed.  In *State v. Denney*, 5th Dist. No. 03CA62, 2004-Ohio-2024, ¶ 24, the court noted that "evidence regarding a refusal to submit to a breath or blood test is admissible." Citing *Maumee v. Anistick*, 69 Ohio St.3d 339, 632 N.E.2d 497 (1994).  Further, the

*Denney* court noted its prior holding in *State v. Carrico*, 5th Dist. No. 01 CA86, 2002-Ohio-1451, ¶ 2, where it concluded that refusal to perform field sobriety tests is relevant evidence under Evid.R. 401 and therefore, admissible at trial. Id. at ¶ 21.

**{¶6}** Other districts have also held that refusal to submit to testing is relevant and admissible. See, *Columbus v. Bickis*, 10th Dist. No. 09AP898, 2010-Ohio-3208, ¶ 25 ("[a] defendant's refusal to perform field sobriety tests is relevant evidence under Evid.R. 401 and therefore admissible at trial."); citing *State v. Denney* at ¶ 21-24; see, also *State v. Evans*, 12th Dist. No. CA2009-08-116, 2010-Ohio-4402, ¶ 23 ("evidence of a refusal to submit to a chemical test is a factor that may be used against a defendant at trial."); citing *Westerville v. Cunningham*, 15 Ohio St.2d 121, 124, 239 N.E.2d 40 (1968) (concluding "that the admission of evidence, that one accused of intoxication refused to take a reasonably reliable chemical test for intoxication, and comment on such report by counsel do not violate any constitutional privilege against self incrimination.").  Thus, it appears to be well-settled that evidence of Appellant's refusal to submit to chemical testing was relevant and, as such, admissible at trial.

**{¶7}** Appellant was charged and pled no contest to OVI in violation of R.C. 4511.19(A)(2), which provides as follows:

"No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense shall do both of the following:

(a) Operate any vehicle, streetcar, or trackless trolley within this state while under the influence of alcohol, a drug of abuse, or a combination of them;

(b) Subsequent to being arrested for operating the vehicle, streetcar, or trackless trolley as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests."[2]

{¶8} Appellant conceded that there was probable cause for an OVI arrest at his suppression hearing and the trial court noted that concession in

---

[2] R.C. 4511.192, entitled "Written notice of effect of refusal; seizure of license," provides that a "person under arrest for a violation of division (A) or (B) of section 4511.19 of the Revised Code" "must submit to the chemical test or tests, subsequent to the request of the arresting officer, within two hours of the time of the alleged violation and, if the person does not submit to the test or tests within that two-hour time limit, the failure to submit automatically constitutes a refusal to submit to the test or tests."

its decision denying Appellant's motion to suppress. On appeal, Appellant further concedes that he was convicted of a misdemeanor OVI charge in 1992, and therefore agrees that "he could not legally refuse to submit to a properly requested chemical test[.]" However, Appellant's argument goes beyond the initial question of whether evidence of a refusal is admissible, creatively contending that a refusal made in response to a request to submit to testing that is made beyond the "period of consent," or two hours as specified in R.C. 4511.192, is not actually a refusal within the contemplation of the statute, is therefore inadmissible, and should have been suppressed by the trial court. Appellant cites no case law in support of this contention.

{¶9} Appellee contends that Appellant's argument is based upon the premise that the request for the chemical test occurred beyond the two hour limit as set forth in R.C. 4511.192, however, Appellee argues that the trial court accepted the trooper's version of the facts, rather than Appellant's, with respect to the time of the initial accident and, thus, never actually determined that the refusal was made beyond the two hour limit. Despite its failure to find that the trooper requested Appellant submit to chemical testing more than two hours after the accident, the trial court went on to address that very question, ultimately finding that a refusal was admissible regardless of when it was made. Based upon the following reasoning, we

conclude that the timing of the officer's request to submit to chemical testing was irrelevant to the admissibility of the refusal and, as such, we agree with the outcome reached by the trial court.

{¶10} Like the trial court, we conclude that Appellant's refusal to submit to chemical testing was relevant and admissible and should not have been suppressed. In reaching this decision, we are persuaded by the reasoning set forth in *State v. Barnhart*, 6th Dist. No. H-10-005, 2011-Ohio-2693. Barnhart was convicted of operating a motorcycle while under the influence of alcohol. Id. Much like the case sub judice, Barnhart argued that his refusal must be suppressed because it could not be shown that the BMV Form 2255 was read to him within two hours of the alleged violation. Id. at ¶ 15. In response to this argument, the *Barnhart* court reasoned that "[w]hile the result of an untimely chemical test might be suppressible, the fact that the suspect refused is not." Id.

{¶11} In reaching its decision, the *Barnhart* court relied on *State v. Marsh*, 7th Dist. No. 04-BE-18, 2005-Ohio-4690, which rejected the same argument. Id. at ¶ 16-17. In *Marsh*, the court found that it was wholly irrelevant when the officers asked Marsh to submit to a test. The *Marsh* court further reasoned that a refusal was relevant in that in that it serves as an indicia of guilt, and that it did not matter if the refusal was made before or

after the statutory two hour period. Id. at ¶ 46; citing *Maumee v. Anistik*, 69 Ohio St.3d 339, 343, 632 N.E.2d 497 (1994).

{¶12}  In light of the foregoing, we find that the officer's request that Appellant submit to chemical testing, even if made beyond the two hour statutory time period, and Appellant's subsequent refusal, to be relevant and admissible.  As such, we cannot conclude that the trial court erred in denying Appellant's motion to suppress evidence of his refusal to submit to chemical testing. Accordingly, Appellant's sole assignment of error is overruled.

**JUDGMENT AFFIRMED.**

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs herein be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J.: Concurs in Judgment and Opinion.
Abele, J.:  Concurs in Judgment Only.

                                        For the Court,

                        By:  _____
                                Matthew W. McFarland
                                Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**