[Cite as *State v. Washington*, 2022-Ohio-3478.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2022-P-0006** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the<br>Municipal Court, Ravenna Division |
| TIANA CHANEL WASHINGTON, | |
| Defendant-Appellant. | Trial Court No. 2020 TRC 10902 R |

**O P I N I O N**

Decided: September 30, 2022
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Adam M. Vanho*, P.O. Box 157, Munroe Falls, OH 44262 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Tiana Washington, appeals her conviction for operating a vehicle under the influence of alcohol or drugs (OVI), in violation of R.C. 4511.19(A)(1)(a) from the Portage County Court of Common Pleas.

{¶2} Appellant raises three assignments of error arguing that her conviction was not supported by sufficient evidence, against the manifest weight of the evidence, and that the trial court erred by failing to inquire if she wished to waive her right to testify at trial, and that the trial court erred by not obtaining a written jury trial waiver where appellant did not file a jury demand pursuant to Crim.R. 23.

**{¶3}** After review of the record and the applicable caselaw, we find appellant's assignments of error to be without merit. Appellant's conviction was supported by the sufficiency of the evidence and the manifest weight of the evidence. Next, appellant's arguments that her right to testify and her right to a jury trial were violated are not supported by the facts or Ohio law.

**{¶4}** Therefore, we affirm the judgment of the Portage County Court of Common Pleas.

**Substantive and Procedural History**

**{¶5}** In November 2020, appellant was charged with operating a vehicle under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1)(a) and one count of speeding, in violation of R.C. 4511.21. Appellant did not demand a jury nor did she waive her speedy trial rights. A bench trial was set for January 13, 2021. Appellant requested a continuance, but the trial court denied the motion on the basis that a reset for trial was not possible due to the COVID-19 pandemic and appellant's decision not to waive speedy trial.

**{¶6}** At the trial, the State called one witness, Officer Gene Larson of the Streetsboro Police Department. The State submitted three exhibits as evidence: Larson's body camera footage of the stop, the BMV 2255 Administrative License Suspension form, and the breathalyzer test result indicating that appellant refused to submit to the breath test. All were admitted without objection. Appellant did not testify.

**{¶7}** Larson testified that at the time of the stop, he had conducted between 150-200 prior alcohol related stops and that he received training for OVI detection and the administration of field sobriety tests.

2

{¶8} Larson said that on November 15, 2020, he conducted a traffic stop of appellant's vehicle after he observed the vehicle traveling at a high rate of speed on State Route 14. Radar confirmed that the vehicle was traveling at 58 miles per hour in a 35 mile per hour zone. The location of the stop was shortly after the speed limit dropped from 50 miles per hour to 35 miles per hour. The stop occurred at approximately 2:40 a.m. early Sunday morning.

{¶9} Larson approached the vehicle, noted that appellant was driving and that there was one passenger in the vehicle. Larson requested that appellant provide her driver's license and insurance information. Larson testified that appellant spent three to five minutes "fumbling around through her wallet" looking for her identification "and the whole time the driver's license was sitting between her legs on the seat." He said that he waited for her to find it "and then I finally told her where it was."

{¶10} Larson said that he was approximately three feet away from appellant and that he could smell a strong odor of alcohol while standing at the window. He also said that appellant kept talking over him and that her eyes appeared glassy and bloodshot. Larson asked appellant and the passenger if either had been drinking that night and both denied having consumed alcohol. Larson asked appellant to step out of the vehicle to separate her from the passenger. When she did, she dropped something on the ground. In addition, Larson was able to determine that the odor of alcohol was coming from appellant. Based on these observations, he believed that she was under the influence of alcohol.

{¶11} Because the location of the traffic stop was on a slight incline, Larson directed appellant to the sidewalk nearby to perform Standardized Field Sobriety Tests

3

(SFSTs). Appellant refused to step to the sidewalk and was uncooperative with Larson. She demanded that a female officer come to the scene and said that she would not step to the sidewalk without a female officer. Larson told appellant that no female officer was available but assured her that his body camera was activated and recording the stop. After several minutes of appellant refusing to step to the sidewalk, Larson placed her under arrest. When he did so, appellant attempted to pull away from him and a second officer was needed to assist in handcuffing her.

{¶12} After her arrest, Larson took appellant to the police department to administer a breath alcohol test. Appellant refused to submit to the test. Larson said that based on his training and experience, he believed that appellant was under the influence of alcohol at the time of the arrest based on the totality of the evidence he observed.

{¶13} Appellant made a motion for acquittal and rested her case without testifying or calling witnesses on her behalf. The court took the matter under advisement and issued a judgment entry finding appellant guilty of OVI and speeding. The trial court sentenced appellant and she timely appealed. However, the State filed a motion to dismiss the appeal because the trial court's sentencing entry did not contain a separate sentence for each offense.

{¶14} We dismissed the appeal, and the trial court issued a new sentencing entry imposing $425.00 fine plus court costs on count one, the OVI, with 180 days jail, with 180 suspended on the condition that appellant completes the Driver's Intervention Program, and a one-year license suspension retroactive to the date of the offense. The court imposed no fine on count two, speeding, and merged the court costs. Appellant timely filed the instant appeal asserting three assignments of error.

4

Case No. 2022-P-0006

## Assignments of Error and Analysis

{¶15} Appellant's first assignment of error states:

{¶16} "[1.] APPELLANT'S CONVICTION FOR OPERATING A VEHICLE UNDER THE INFLUENCE, IN VIOLATION OF SECTION4511.19(A)(1)(a) OF THE OHIO REVISED CODE, IS UNCOSNTITUIONAL AS IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION."

{¶17} Appellant argues that the totality of the State's evidence failed to demonstrate that appellant was impaired and that her conviction was therefore against the sufficiency of the evidence and the manifest weight of the evidence.

{¶18} She argues that speeding alone is not an indicator for impaired driving *See State v. Wells*, 2nd Dist. Montgomery No. 20798, 2005-Ohio-5008, ¶ 19 (de minimis traffic violations alone "are not indicative of impaired driving."). Further, appellant argues that Larson did not indicate whether the strong odor of alcohol he detected was on appellant's "breath verses elsewhere on her body, such as on her clothing." Next, appellant states that the presence of glossy or bloodshot eyes can be the result of several causes such as allergies, fatigue, or eye disease. Both appellant and her passenger denied that she consumed alcohol and her speech was not slurred.

{¶19} Finally, appellant argues that Larson did not attempt to request the presence of a female officer from a neighboring jurisdiction to assist in performing the SFSTs. Similarly, she argues that there is not concrete evidence of her blood alcohol level

5

because Larson never sought to obtain a search warrant to obtain appellant's blood sample when she refused to submit to the breath alcohol test.

**Sufficiency of the Evidence:**

{¶20} "'Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the [factfinder] or whether the evidence is legally sufficient to support the * * * verdict as a matter of law." Black's Law Dictionary (6 Ed.1990) 1433. *See, also,* Crim.R. 29(A)." *State v. Thompkins*, 78 Ohio St. 3d 380, 386, 678 N.E.2d 541 (1997). The appellate court's standard of review for sufficiency of evidence is to determine, after viewing the evidence in a light most favorable to the prosecution, whether a rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶21} When evaluating the sufficiency of the evidence, we do not consider its credibility or effect in inducing belief. *Thompkins* at 387. Rather, we decide whether, if believed, the evidence can sustain the verdict as a matter of law. *Id.* This naturally entails a review of the elements of the charged offense and a review of the State's evidence. *State v. Richardson*, 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶ 13.

{¶22} In this case, appellant was convicted of one count of operating a vehicle under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a), which provides that:

(A)(1) No person shall operate any vehicle, * * * within this state, if, at the time of the operation, any of the following apply:

(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

6

Case No. 2022-P-0006

**{¶23}** In viewing these facts in a light most favorable to the prosecution, the State presented sufficient evidence that appellant was operating a vehicle above the speed limit and operated a vehicle while under the influence of alcohol. Larson used his radar to measure appellant's speed at 58 miles per hour in a 35 mile per hour zone. He stopped appellant at 2:40 a.m. early on a Sunday morning. When Larson asked appellant for her license, she spent three to five minutes fumbling through her belongings looking for the license when it was in her lap the entire time. Larson noted glassy and bloodshot eyes. He noted a strong odor of alcohol and removed her from the vehicle to confirm that it was emanating from her person. Further, appellant repeatedly talked over the officer and was generally uncooperative during the stop. This evidence, if believed, can sustain the verdict that appellant operated a motor vehicle while impaired. *See Thompkins*, at 387.

**Manifest Weight of the Evidence:**

**{¶24}** "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." *Thompkins,* 78 Ohio St. 3d at 389. Weight of the evidence concerns "the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the [factfinder] that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them." (Emphasis sic.) *Id.* at 386, quoting Black's Law Dictionary 1594 (6th Ed.1990).

**{¶25}** "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a

7

'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id.*

{¶26} The reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶27} The trier of fact is the sole judge of the weight of the evidence and the credibility of the witnesses. *State v. Landingham*, 11th Dist. Lake No. 2020-L-103, 2021-Ohio-4258, ¶ 22, quoting *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). The trier of fact may believe or disbelieve any witness in whole or in part, considering the demeanor of the witness and the manner in which a witness testifies, the interest, if any of the outcome of the case and the connection with the prosecution or the defendant. *Id.,* quoting *Antil* at 67. This court, engaging in the limited weighing of the evidence introduced at trial, must defer to the weight and factual findings made by the [factfinder]. *State v. Brown*, 11th Dist. Trumbull No. 2002-T-0077, 2003-Ohio-7183, ¶ 52, citing *Thompkins* at 390 and *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph two of the syllabus.

{¶28} A finding that a judgment is supported by the manifest weight of the evidence necessarily means the judgment is supported by sufficient evidence. *State v. Arcaro*, 11th Dist. Ashtabula No. 2012-A-0028, 2013-Ohio-1842, ¶ 32.

8

{¶29} This case is not a case where the factfinder clearly lost its way. The trial court heard the evidence and took the matter under advisement. Two weeks later, the court issued a four-page judgment entry in support of its decision to find appellant guilty on both counts.

{¶30} In the January 25, 2021 entry, the court said that it considered the exhibits and Larson's testimony. The court noted that Larson is a nine-year veteran as a patrol officer with experience, specialized training, and certification in OVI detection and the administration of SFSTs.

{¶31} The court said that the stop took place in the early morning hours on a Sunday. Larson confirmed appellant's speed with radar at 58 miles per hour in a 35 mile per hour zone. He was within three feet of appellant and detected a strong odor of an alcoholic beverage, appellant fumbled for her license for three minutes which was in plain view, appellant continually talked over Larson, and her eyes were glassy and bloodshot. The judgment entry said that appellant denied consuming alcohol. The court observed that appellant continually repeated and contradicted herself and that she was uncooperative throughout her interaction with Larson.

{¶32} The court specifically noted that an individual may refuse to submit to SFSTs, but that "the manner in which Defendant flip-flopped back and forth indicating her willingness to perform test, followed by reasons she would not do the test * * * is another factor indicative of her impairment."

{¶33} The trial court was responsible to weigh the evidence and credibility of witnesses. *Landingham*, 2021-Ohio-4258, at ¶ 22. This court must defer to the factual findings made by the trial court to determine if the court lost its way in determining guilt.

9

Case No. 2022-P-0006

{¶34} Although appellant did not submit to SFSTs or an alcohol breath test, the trial court did not lose its way and create a manifest miscarriage of justice in finding appellant guilty of OVI. Notably, a suspect's refusal to submit to a breath test is probative evidence of impairment. *State v. Martin*, 2018-Ohio-1705, 111 N.E.3d 730, ¶ 15 (9th Dist.); *Maumee v. Anistik*, 69 Ohio St.3d 339, 632 N.E.2d 497 (1994), syllabus (finding jury instruction appropriate to suggest that defendant believed themself to be under the influence of alcohol where there is a refusal to submit to an alcohol breath test.) Moreover, appellant's refusal to submit to the SFSTs is also suggestive of impairment and a court may consider "'appellant's refusal to take field sobriety tests when determining [the] appellant's guilt.'" *State v. Flynt*, 11th Dist. Portage No. 2001-P-0116, 2003-Ohio-1391, ¶ 16, quoting *State v. Arnold*, 12th Dist. Butler No. CA99-02-026, 1999 WL 699866 (Sept. 7, 1999) at * 3.

{¶35} The greater weight of the evidence shows "clearly * * * that the party having the burden of proof" was entitled to its verdict. *See Thompkins,* 78 Ohio St. 3d at 386. This is not the extraordinary case where the factfinder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *See Id.* at 387.

{¶36} Accordingly, appellant's first assignment of error is without merit.

{¶37} Appellant's second assignment of error states:

{¶38} "[2.] THE TRIAL COURT ERRED WHEN IT FAILED TO INQUIRE IF THE APPELLANT WISHED TO TESTIFY OR WAIVE HER RIGHT TO TESTIFY, IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE

10

Case No. 2022-P-0006

UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION."

{¶39} Appellant next argues that the trial court erred when it did not inquire into appellant's decision to remain silent and advise appellant of her right to testify. Appellant acknowledges that her argument does not have a basis in Ohio law but believes that the issue is ripe to be revisited because other states require a trial court to inform a defendant of the right to testify.

{¶40} In *State v. Bey*, 85 Ohio St.3d 487, 499, 709 N.E.2d 484 (1999), the Ohio Supreme Court clearly held that a trial court is not required to conduct an inquiry with a defendant about the decision not to testify. *Id.* at 497. Indeed, the Supreme Court said that such an inquiry was unnecessary and potentially harmful as it "'unduly interferes with the attorney-client relationship.'" *Id.* quoting *People v. Curtis*, 681 P.2d 504, 519 (Colo.1984) (concurring opinion). Further, nothing in the record suggested that Bey "misunderstood or was unaware of his right to testify or that Bey's counsel failed to advise him of his right." *Id.* at 499-500.

{¶41} In *State v. Janick*, 11th Dist. Ashtabula No. 2007-A-0070, 2008-Ohio-2133, this court considered a similar argument and followed *Bey* approvingly. Janick argued that the trial court violated his due process rights when it failed to inquire whether he was knowingly and intelligently waiving his right to testify. *Id.* at ¶ 51. We found that "assertion to be wholly without merit since there is no recognized obligation for the trial court to inquire as to whether a defendant is knowingly and intelligently waiving his right to testify." *Id.*

11

**{¶42}** As in *Bey*, appellant points to nothing in the record to suggest that she misunderstood or was unaware of her right to testify or that her counsel failed to advise her of her right. Based on the clear precedent of this court and the Ohio Supreme Court, we decline to impose a requirement for the trial court to determine whether appellant knowingly and intelligently waived her right to testify.

**{¶43}** Accordingly, appellant's second assignment of error is without merit.

**{¶44}** Appellant's third assignment of error states:

**{¶45}** "[3.] APPELLANT WAS DEPRIVED OF HER RIGHT TO A TRIAL BY JURY WHEN THE COURT CONDUCTED A BENCH TRIAL WITHOUT A VALID JURY WAIVER, IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION FIVE OF THE OHIO CONSTITUTION."

**{¶46}** Appellant also argues that the trial court deprived her of her right to a jury trial by not obtaining a written waiver of jury trial. Appellant acknowledges that she did not file a jury demand pursuant to Crim.R. 23 and that her argument is not supported under Ohio law. She raises it to prevent waiver should the issue be reviewed by a higher court.

**{¶47}** Crim.R. 23 provides:

In serious offense cases the defendant * * * may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. * * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing * * *. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.

Case No. 2022-P-0006

**{¶48}** Although guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 5 of the Ohio constitution, the right to a jury trial in criminal cases is not absolute and unrestricted with respect to misdemeanors. *State v. Tate,* 59 Ohio St.2d 50, 52, 391 N.E.2d 738 (1979). A statute, ordinance, or rule of court "'may validly condition the right to a jury trial in such a case on a written demand therefor * * *.'" *Id.*, quoting *Mentor v. Giordano*, 9 Ohio St.2d 140, 224, N.E.2d 343 (1967), paragraph one of the syllabus.

**{¶49}** Since appellant was charged with a petty offense, she was required to timely file a written demand for a jury trial. *Id.* Having failed to do so, she completely waived her right to a jury trial.

**{¶50}** Accordingly, appellant's third assignment of error is without merit.

**{¶51}** For the foregoing reasons, the judgment the Portage County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

13

Case No. 2022-P-0006