[Cite as *State v. Washington*, 2024-Ohio-1942.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, CITY OF RAVENNA, | CASE NO. 2023-P-0095 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Municipal Court, Ravenna Division |
| TIANA CHANEL WASHINGTON, | Trial Court No. 2020 TRC 10902 R |
| Defendant-Appellant. | |

# O P I N I O N

Decided: May 20, 2024
Judgment: Affirmed

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Tiana Chanel Washington*, pro se, 13621 Granger Road, Garfield Heights, OH 44125 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Tiana Washington, pro se appeals the order of the Ravenna Municipal Court. Appellant was convicted in the Ravenna Municipal Court and this court affirmed her conviction on direct appeal. However, after her conviction, but before filing her direct appeal, appellant was charged with several felony counts for conduct arising from the same incident that gave rise to the misdemeanor conviction. Appellant did not raise this issue on direct appeal. Further, appellant's felony counts were dismissed before she filed her merit brief in her misdemeanor direct appeal.

{¶2} After we affirmed her misdemeanor conviction, appellant filed three postconviction motions to dismiss her misdemeanor conviction. The trial court denied these motions to dismiss and ordered her to complete the terms of her sentence.

{¶3} In this subsequent appeal, appellant raises three assignments of error arguing: (1) the State violated *Brady* disclosure requirements resulting in a Due Process violation; (2) her arrest for the felony indictments during a stay of her misdemeanor sentence violated R.C. 2921.52, Using Sham Legal Process; and (3) the trial court erred by denying her postconviction motions to dismiss resulting in a violation of the Double Jeopardy clause of the Fifth Amendment.

{¶4} After review of the record and the applicable caselaw, we find appellant's assignments of error to be without merit. The trial court did not err by denying her motions to dismiss because a postconviction motion to dismiss is a nullity.

{¶5} Therefore, we affirm the judgment of the Ravenna Municipal Court.

**Substantive and Procedural History**

{¶6} On November 18, 2020, appellant was charged with Operating a Vehicle Under the Influence of Alcohol or Drugs, in violation of R.C. 4511.19(A)(1)(a) and one count of Speeding, in violation of R.C. 4511.21. The case proceeded in the Ravenna Municipal Court under case number 2020 TRC 10902 R.

{¶7} One day later, appellant was indicted in case number 2020 CR0 0884 D in the Portage County Court of Common Pleas for Trafficking in Marijuana, Receipt of Proceeds Derived from the Commission of an Offense Subject to Forfeiture Proceedings, Weapons Under Disability, Improper Handling of a Firearm in a Motor Vehicle, Carrying a Concealed Weapon, and OVI. The indicted OVI charge arose from the same event as

2

that charged in the Ravenna Municipal Court. However, appellant was not served with this indictment until June 1, 2021.

{¶8} On January 13, 2021, prior to appellant being served with the indictment, the misdemeanor case proceeded to bench trial, and the trial court found appellant guilty on both counts. The trial court sentenced appellant and she timely appealed. However, the State filed a motion to dismiss the appeal because the trial court's sentencing entry did not contain a separate sentence for each offense.

{¶9} On November 1, 2021, this Court dismissed the appeal for lack of a final appealable order.

{¶10} On December 9, 2021, the trial court issued a new sentencing entry imposing a $425.00 fine plus court costs on Count One, the OVI, with 180 days jail, with 180 suspended on the condition that appellant completes the Driver's Intervention Program (DIP), and a one-year license suspension retroactive to the date of the offense. The court did not impose a fine on Count Two, speeding, and merged the court costs. Appellant timely filed a direct appeal to this Court and raised three assignments of error. On direct appeal, appellant argued her conviction was against the manifest weight of the evidence, the trial court erred by failing to inquire if she wished to waive her right to testify at trial, and that the trial court erred by not obtaining a written jury trial waiver where appellant did not file a jury demand pursuant to Crim.R. 23.

{¶11} While the direct appeal was pending, appellant moved to dismiss the pending felony counts, arguing that because the State had all the information it needed to proceed to trial as of the date of her OVI arrest on November 15, 2020, her case was

3

subject to dismissal for lack of speedy trial. On February 1, 2022, the State entered a Nolle Prosequi to all counts on the indictment and the trial court dismissed the charges.

{¶12} On April 12, 2022, appellant filed her merit brief in her direct appeal.

{¶13} On September 30, 2022, we affirmed appellant's direct appeal in *State v. Washington,* 11th Dist. Portage No. 2022-P-0006, 2022-Ohio-3478.

{¶14} On June 26, 2023, the trial court held a non-compliance hearing for appellant's failure to complete the DIP. At the hearing, appellant requested the recusal of the trial judge and argued that double jeopardy applied to her case. The trial judge voluntarily agreed to recuse herself, referred the matter to the administrative judge, and reset the non-compliance hearing.

{¶15} On June 26, 2023, appellant filed three motions: a Motion to Dismiss for "Miscarriage of Justice;" a "Motion to Dismiss Void/Relief from Judgment (R.C. 5924.44, Double Jeopardy;" and a "Motion to Dismiss Void/Relief from Judgment (R.C. 2945.71, Speedy Trial)."

{¶16} The case was assigned to the administrative judge, and the trial court held the non-compliance hearing on August 22, 2023. The trial court said that it would review appellant's motions and issue a written ruling.

{¶17} On October 18, 2023, the trial court issued a judgment entry denying each of appellant's motions. The court found that appellant's Motions to Dismiss relating to her underlying conviction were not well taken because appellant had already had an

4

opportunity to challenge her conviction on direct appeal. [1] The trial court also found the "Motion to Dismiss Void/Relief from Judgment (R.C. 5924.44, Double Jeopardy)" was not well taken because, while appellant "may have had a double jeopardy argument in the felony case as it relates to the OVI charge, * * * double jeopardy did not prevent the municipal court case from proceeding to trial * * *." Finally, the trial court ordered appellant to complete the DIP by December 15, 2023.

{¶18} Appellant timely appealed and raises three assignments of error.

## Assignments of Error and Analysis

{¶19} Appellant's assignments of error state:

{¶20} "[1.] THE STATE OF OHIO VIOLATED THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION DUE PROCESS CLAUSE BY WAY OF PROSECUTORIAL MISCONDUCT USING BRADY MATERIAL"

{¶21} "[2.] THE APPELLANT'S CONVICTION FOR OPERATING A VEHICLE UNDER THE INFLUENCE IS UNCONSTITUTIONAL AS IT IS IN VIOLATION OF SECTION 2921.52(B)(2)(3) OF THE OHIO REVISED CODE FOR SHAM LEGAL PROCESS."

{¶22} "[3.] THE TRIAL COURT ABUSED DISCRETION IN DENYING THE MOTION TO DISMISS WHICH IS IN VIOLATION OF THE OHIO REVISED CODE 5924.44(A)(B)(C) FOR DOUBLE JEOPARDY."

---

1. Although the trial court did not explicitly address the speedy trial issue in its judgment entry, we read the entry to have, sub silencio, overruled appellant's "Motion to Dismiss Void/Relief from Judgment (R.C. 2945.71, Speedy Trial)" because any claimed speedy trial violation could have been raised on direct appeal. *State v. Everson*, 7th Dist. No. 12 MA 128, 2016-Ohio-87, 57 N.E.3d 289, ¶ 51 ("When a trial court declines to rule on a motion but renders final judgment on the matter, an appellate court presumes that the trial court overruled the motion sub silencio"); *State v. Johnson,* 11th Dist. Lake No. 2016-L-064, 2017-Ohio-884, ¶ 13 (res judicata bars further litigation of speedy trial claims that could have been raised on direct appeal).

5

**{¶23}** First, appellant argues she suffered a due process violation because she asserts that there was additional exculpatory evidence in the possession of the State which was taken from her vehicle at the time of her arrest and was not included in the State's evidence in her misdemeanor OVI case. She says that this evidence was included in her felony OVI case and that her conviction without this exculpatory *Brady* material renders her conviction void.

**{¶24}** Next, apparently combining her second and third assignments of error, appellant argues that she was subjected to double jeopardy because she was arrested for the felony case after she had been convicted and had appealed in her misdemeanor case. [2] She also argues that the trial court in the misdemeanor case had issued a stay of sentence pending her appeal, but that she was arrested, in violation of that stay, in the felony case which arose from the same set of facts. She asserts that the effect of this constituted a criminal violation of R.C. 2921.52(B), Using Sham Legal Process and a violation of double jeopardy.

**{¶25}** We note that appellant has not appealed the trial court's judgment requiring her to complete the DIP. We also note appellant has abandoned her speedy trial argument on appeal and makes no argument in her merit brief on this issue.

**{¶26}** First, the Criminal Rules do not provide any mechanism by which to dismiss an indictment or complaint postconviction. Appellant's motions to dismiss are irregular in nature.

---

2. App.R. 16(A)(7) provides that an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Appellant's brief does not contain any argument explicitly dedicated to her listed third assignment of error. However, although appellant has not explicitly done so, we read the arguments in her brief under her second assignment of error to encompass her stated second and third assignments of error.

Case No. 2023-P-0095

{¶27} A court "may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. Under Crim.R. 57(B), "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." Crim.R. 35 sets forth the procedure by which criminal defendants can file postconviction relief petitions.

{¶28} An irregular motion may meet the definition of a petition for postconviction relief where the motion is: (1) filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence. *Schlee* at ¶ 12, quoting *State v. Reynolds,* 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). "The threshold issue is whether the motion is an 'irregular motion.' When a motion is irregular, a court may recast it. However, where the motion is in conformity with the applicable rules of procedure, there is no need to recast it." *State v. Hill,* 11th Dist. Trumbull No. 2023-T-0039, 2023-Ohio-4486, ¶ 49.

{¶29} First, we address whether the trial court converted appellant's irregular motions to dismiss and, if not, whether the failure to do so was an abuse of discretion. We find the trial court did not convert the motions to dismiss to a postconviction petition. We further find that the trial court did not abuse its discretion in not converting the motions to dismiss to petitions for postconviction relief.

7

{¶30} Although a court *may* convert an irregular motion under *Schlee*, it is not required to do so. Thus, the trial court appropriately considered these motions as motions to dismiss. Crim.R. 12(C) requires that any motion to dismiss "must be raised before trial." A motion to dismiss filed after conviction "is not provided for in any criminal or civil rule and is therefore considered a legal nullity." *Cleveland v. Farrell,* 8th Dist. Cuyahoga No. 100136, 2014-Ohio-3131, ¶ 10, fn. 2.

{¶31} As a postconviction motion to dismiss is a nullity, the trial court did not abuse its discretion in denying appellant's motions to dismiss.

{¶32} For the foregoing reasons, the judgment of the Ravenna Municipal Court is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2023-P-0095