The STATE of Ohio, Appellee,

v.

ORIANS, Appellant.

[Cite as *State v. Orians,* 179 Ohio App.3d 701, 2008-Ohio-6185.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–08–15.

Decided Dec. 1, 2008.

Ken Egbert Jr., Seneca County Prosecuting Attorney, and Damon Alt, Assistant Prosecuting Attorney, for appellee.

Richard A. Kahler, for appellant.

ROGERS, Judge.

{¶ 1} Defendant-appellant, Kevin J. Orians, appeals the judgment of the Tiffin Municipal Court convicting him of operating a vehicle while under the influence of alcohol. On appeal, Orians contends that the trial court erred in its special instruction to the jury regarding his refusal to submit to a chemical test. Orians argues that the trial court's special instruction was not neutral and was slanted in

favor of the prosecution. Based upon the following, we reverse the judgment of the trial court.

{¶ 2} In March 2008, Orians was arrested and cited for one count of operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, one count of traveling left of center in violation of R.C. 4511.25, a minor misdemeanor, and one count of refusing a breath-alcohol test with a prior conviction of operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(2). After his arrest, Orians was transported to the police station, where he signed a refusal of a breath-alcohol test.

{¶ 3} Thereafter, Orians entered a plea of not guilty. Orians also filed a motion to suppress evidence obtained from the stop, arguing that the arresting officer did not have "lawful cause" to detain him or to form an opinion that he was under the influence of alcohol. The trial court denied the motion.

{¶ 4} In May 2008, the state filed proposed jury instructions, including the following instruction on refusal of a chemical test, derived from *Westerville v. Cunningham* (1968), 15 Ohio St.2d 121, 44 O.O.2d 119, 239 N.E.2d 40:

> Although a person has the right under Ohio law to refuse to submit to a chemical test, such refusal is a fact which, if proven, may be considered by you as evidence that the defendant's refusal to submit to a chemical analysis was because he believed that he was under the influence of alcohol.

> Where a defendant is accused of intoxication and is not intoxicated, the taking of a reasonably reliable chemical test for intoxication should establish that he is not intoxicated. On the other hand, if he is intoxicated, taking of such a test will probably establish that he is intoxicated. Thus, if he is not intoxicated, such a test will provide evidence for him; but if he is intoxicated, the test will provide evidence against him. Thus, it is reasonable to infer that a refusal to take such a test indicates the defendant's fear of the results of the test and his consciousness of guilt, especially where he is asked his reason for such refusal and he gives no reason which would indicate that his refusal had no relation to such consciousness of guilt.

> The weight to which such a circumstance is entitled and whether or not such conduct shows a consciousness of guilt are matters for your determination.

{¶ 5} Orians objected to the state's proposed jury instructions regarding refusal of a chemical test on the basis that the instruction referred to "intoxication," which was not an element of the charged offense, and on the basis that the instruction indicated to the jury that a defendant must give a reason for refusing to submit to a chemical test and is not permitted to remain silent.

{¶ 6} The case then proceeded to trial,[1] at which Orians testified that he refused to take the chemical test because he wished to speak to his attorney first, but was unable to contact him despite several attempts; because he wanted to know what his options were, and no one at the police station would answer his questions; and because he felt pressured to refuse the test because a police officer told him that he would be "written up for DUI" whether or not he took the test.

{¶ 7} After the close of testimony, Orians again objected to the state's proposed jury instruction on refusal of a chemical test. The trial court overruled the objection and submitted the state's instructions to the jury. The jury found Orians guilty of operating a vehicle while under the influence of alcohol pursuant to R.C. 4511.19(A)(1)(a). The trial court accepted the jury's verdict of guilty, convicted Orians of the offense,[2] sentenced him to serve a 180–day jail term, with 175 days suspended, imposed two years of community control, suspended his license for one year, and ordered him to pay a fine of $350.

{¶ 8} It is from this judgment that Orians appeals, presenting the following assignment of error for our review.

> The trial court erred in its charge/instruction to the jury regarding refusal to submit to chemical test in defendant's OVI trial in that the trial court lost his neutrality and slanted the special instruction in favor of the prosecution.

{¶ 9} In his sole assignment of error, Orians argues that the trial court's instruction to the jury regarding his refusal to submit to a chemical test was erroneous because it was not neutral and was slanted in favor of the prosecution. Specifically, Orians contends that the word "intoxication" should not have been used in the instruction, that the instruction unfairly characterized breath alcohol tests as "reasonably reliable," and that the instruction suggested that Orians gave no reason for his test refusal, even after being asked. We agree that the word

---

1. We note that in addition to being cited for operating a vehicle while under the influence of alcohol, Orians was also cited for traveling left of center and refusing a breath-alcohol test with a prior conviction. However, it is unclear what plea Orians entered to these two offenses, as the March 2008 journal entry does not specify an offense to which he entered a plea of not guilty. Additionally, the record before this court does not reflect whether these offenses were dismissed or whether they were tried, and they are not a part of this appeal.

2. We note that the trial court's journal entry was a fill-in-the-blank form on which R.C. 4511.19(A)(1)(a) was written in the caption, although the journal entry did not clearly state that this was the code section of which Orians was convicted. Because the defense has not alleged this as error, we will accept it as compliance with Crim.R. 32(C). The name and code section of the violation[s] should appear within the body of the judgment entry to clearly designate the offense for which a defendant has been convicted, or the offense of which a defendant has been acquitted.

"intoxication" should not have been used in the instruction and that the instruction prejudicially suggested that Orians gave no reason for his refusal.

{¶ 10} A trial court's instructions to a jury must correctly, clearly, and completely state the law applicable to the case. *State v. Thomas*, 170 Ohio App.3d 727, 2007-Ohio-1344, 868 N.E.2d 1061, ¶ 15. An appellate court reviewing jury instructions must examine the specific charge at issue in the context of the entire charge, and not in isolation. *State v. Thompson* (1987), 33 Ohio St.3d 1, 13, 514 N.E.2d 407. Jury instructions are within the trial court's discretion, which an appellate court will not disturb absent an abuse of discretion. *State v. Guster* (1981), 66 Ohio St.2d 266, 271, 20 O.O.3d 249, 421 N.E.2d 157. An abuse of discretion connotes that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 11} Here, Orians's argument is restricted to the trial court's instruction on refusal of a chemical test. Orians was convicted of operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), which provides:

(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply: (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

{¶ 12} Concerning jury instructions on refusal of a chemical test, the Supreme Court of Ohio has held that:

In a situation such as here, as well as a * * * *Cunningham*-type occurrence, an instruction by a trial judge to a jury, with regard to a defendant's refusal to submit to a chemical test, must not be one-sided. * * * [T]he trial judge should not invade the province of the jury. That is precisely what occurred in the instant case when the trial judge charged the jury that they could consider the fact that appellee refused to take the test "because the defendant believed she was under the influence of alcohol."

* * *

[C]ircumstances may exist where the refusal to submit to a chemical test by a person suspected of driving while under the influence of alcohol is not based on consciousness of guilt.

(Citations omitted.) *Maumee v. Anistik* (1994), 69 Ohio St.3d 339, 343–344, 632 N.E.2d 497. The Supreme Court then expressed its approval of the instruction on refusal to submit to a chemical test contained in the Ohio Jury Instructions, reading:

Evidence has been introduced indicating the defendant was asked but refused to submit to a chemical test of his/her breath to determine the amount

of alcohol in his/her system, for the purpose of suggesting that the defendant believed he/she was under the influence of alcohol. If you find the defendant refused to submit to said test, you may, but are not required to, consider this evidence along with all the other facts and circumstances in evidence in deciding whether the defendant was under the influence of alcohol.

4 Ohio Jury Instructions (2004), 899, Section 711.19. The Supreme Court held that this instruction provided proper neutrality in a situation "where a person has been arrested for driving while under the influence of alcohol and is requested by a police officer to submit to a chemical test of his or her breath but he or she refuses to take the test, and the reason given for the refusal is conditional, unequivocal, or a combination thereof." *Anistik,* 69 Ohio St.3d at 344, 632 N.E.2d 497.

{¶ 13} In the case before us, however, the trial court chose to charge the jury with an instruction as set forth in *Cunningham,* 15 Ohio St.2d at 122, 44 O.O.2d 119, 239 N.E.2d 40, which included eight references to "intoxication." The word "intoxication" is not an element of R.C. 4511.19(A)(1)(a), nor is it referred to anywhere in the statute. By using this word in an instruction concerning operating a vehicle while under the influence of alcohol, the trial court failed to correctly and clearly state the law applicable to the case. See *Thomas,* 170 Ohio App.3d 727, 2007-Ohio-1344, 868 N.E.2d 1061. We further find the connotation of the word "intoxication" to be suggestive and prejudicial.

{¶ 14} Additionally, the trial court's instruction charged the jury that it was reasonable to infer that a defendant's refusal of a chemical test evinced consciousness of guilt "especially *where he is asked his reason for such refusal and he gives no reason* which would indicate that his refusal had no relation to such consciousness of guilt." (Emphasis added). However, Orians testified that he informed the police officer that he wished to speak to his attorney before taking the test, but was unable to contact him despite several attempts, and that he wanted to know what his options were, and no one at the police station would answer his questions. Orians testified as to his reasons for not taking the test— thus, his refusal was not unequivocal. Accordingly, the trial court erred in instructing the jury that it could infer consciousness of guilt because Orians was asked his reason for refusal and gave no reason.

{¶ 15} Finally, in *Anistik,* 69 Ohio St.3d 339, 344, 632 N.E.2d 497, the Supreme Court of Ohio expressly approved of the jury instruction for refusal of a chemical test that is contained in the Ohio Jury Instructions, whether the refusal was conditional, unequivocal, or a combination thereof. The Supreme Court declared that this instruction provided appropriate neutrality and prevented the trial judge from invading the province of the jury by allowing the jury to weigh all of the facts and circumstances surrounding the refusal. Because the Supreme Court

has approved of this instruction, the trial court should have utilized it to ensure neutrality and avoid reversal on the issue.

{¶ 16} Because the trial court here failed to correctly and clearly state the law of the case, failed to provide a neutral instruction, and ignored the Supreme Court's holding in *Anistik*, we find that the trial court abused its discretion.

{¶ 17} Accordingly, we sustain Orians's assignment of error.

{¶ 18} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court.

Judgment reversed.

SHAW, P.J., and PRESTON, J., concur.